Case 90—INDICTMENT FOR PROMOTING A LOTTERY—Jan. 19.

# Commonwealth v. Rose.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

1. CRIMINAL LAW—PLEA OF FORMER ACQUITTAL.—A plea of former acquittal in this language: "The defendant pleads that he has been acquitted of the offense charged in the indictment by the judgment of this court, rendered on the 13th day of March, 1899," is sufficient in form and substance.

2. SAME—NO REPLY NECESSARY.—By sec. 179 of the Criminal Code, the plea of former acquittal is considered as controverted by denial and no demurrer nor reply is required.

W. S. TAYLOR, ATTORNEY-GENERAL, AND C. G. RICHIE FOR APPELLANT.

The plea in bar is deficient technically. Rapalje's Crim. Proced., 140; Hackheimer on Crimes, 183.

No APPEARANCE FOR THE APPELLEE.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

Appellee was indicted, for operating a lottery, in three counts, identical with indictment in the case of Commonwealth v. Rose (this day decided), this volume, p. 567, [54 S. W., 862]. A demurrer to the third paragraph was sustained.

Appellee filed plea of former jeopardy, as follows:

"The defendant pleads that he has been acquitted of the offense charged in the indictment by the judgment of this court rendered on the 13th day of March, 1899."

The court, on demurrer, adjudged the plea sufficient, and ordered the indictment dismissed, and the Commonwealth appeals.

For the reasons given in the opinion in the case of Commonwealth v. Rose (this day decided), this volume, p. 567, [54 S. W., 862], we are of the opinion that there was no

prejudicial error in sustaining the demurrer to the third paragraph.

By section 163 of the Criminal Code it is provided that pleadings to an indictment may be oral, and must be entered in open court. Subsection 4 of section 164 gives a form of entry of a plea of former acquittal or conviction.

It seems to us that the plea filed is sufficient, as it evidently was taken from the form laid down. However, as by section 179, Criminal Code, this plea of former acquittal or conviction is considered as controverted by denial, and no demurrer nor reply is required, it follows that the dismissal of the indictment was improper, and erroneous.

For this error, the judgment dismissing the indictment is reversed, and cause remanded for trial, and for further proceedings consistent herewith.