Commonwealth v. Rose.

---

CASE 91—INDICTMENT FOR PROMOTING A LOTTERY—JAN. 19.

# Commonwealth v. Rose.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

LOTTERY—INDICTMENT—PROMOTION.—The term promotion as described in the statute concerning lotteries includes any act done by the defendant as manager himself or as agent of those managing the lottery, or by inducing others to buy tickets or chance in a lottery. Under this definition the defendant might have been convicted under the first count of the indictment charging the general offense of promoting a lottery. The Commonwealth was not, therefore, prejudiced by sustaining a demurrer to the third count of the indictment, which set up more specifically the offense of aiding and abetting a lottery.

W. S. TAYLOR, ATTORNEY-GENERAL, AND C. G. RICHIE FOR APPELLANT.

The third count in the indictment stated a complete offense. Rapalje's Crim. Proc., 90; Com. v. Davis, 13 Bush, 318; Ky.

Commonwealth v. Rose.

Stats., secs. 2580, 2573; Desty Crim. Law, sec. 55; 1 Wharton
Crim. Law, 291; 1 McClain Crim. Law, 552; 1 Bishop Crim. Law,
142; 10 Am. & Eng. Ency. of Law, 531; 28 Am. & Eng. Ency. of
Law, 202; Green v. State, 2 Cr. Mag., 463; Massie v. Com., 14 S.
W. R., 419; Ferrill v. Com., 1 Duv., 153; Hatfield v. Com., 11 Ky.
Law Rep., 468; Com. v. Whipp, 80 Ky., 269; U. S. v. Lancaster, 2
McLean, 431.

No appearance for the appellee.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

Appellee was indicted in three counts for operating a
lottery. The court sustained a demurrer to the third count
of the indictment, and on trial of the two remaining
counts there was a verdict of not guilty, and the Com-
monwealth appeals, in order to have the law settled.

The indictment reads:

"The grand jurors of the county of Jefferson, in the Com-
monwealth of Kentucky, in the name and by the authority
of the Commonwealth of Kentucky, accuse John Rose of
the crime of unlawfully, wickedly and feloniously setting
up, carrying on, conducting, managing, operating, draw-
ing and otherwise promoting a lottery and gift enter-
prise, wherein and whereby money and other thing of
value was or was pretended to be disposed of, committed in
manner and form as follows, to-wit: The said John Rose,
in the county of Jefferson, in the Commonwealth of Ken-
tucky, on the —— day of December, 1898, and before the
finding of this indictment, unlawfully, wickedly and felon-
iously did set up, carry on, conduct, manage, operate,
draw and otherwise promote a lottery and gift enterprise,
whereby money and other thing of value was and was
pretended to be disposed of, a further and better descrip-
tion of which said lottery and gift enterprise is to the
grand jurors unknown; and which said lottery and gift
enterprise was so set up, carried on, conducted, managed,

operated, drawn and otherwise promoted by the said John
Rose in manner and form aforesaid, contrary to the form
of the statutes in such cases made and provided, and
against the peace  and dignity of the Commonwealth of
Kentucky.

"Second. And the grand jurors aforesaid, on the author-
ity aforesaid, do further accuse said John Rose of the
crime of unlawfully and feloniously vending, selling, bar-
tering, exchanging, disposing of, furnishing, supplying and
procuring, and causing to be supplied and procured, to
Herbert Dehoney, and to divers other persons, to the grand
jurors unknown, tickets and writings, tokens and devices,
purporting, designed and intended to give and entitle
the holder to money and to a prize and share
and interest in a prize in money in a lottery
and gift enterprise, whereby money and other thing of
value was and was pretended to be disposed of, committed
in manner and form as follows, to-wit:  The said John
Rose, in the county of Jefferson, in the Commonwealth of
Kentucky, on the —— day of December, 1898, and before
the finding of this indictment, unlawfully, wickedly and
feloniously, for the sum of ten cents in money, and for
other sums to the grand jurors unknown, did sell, vend,
barter, exchange, dispose of, furnish, supply and procure,
and cause to be procured and supplied, to said Herbert
Dehoney, and to divers other persons, to the grand jurors
unknown, certain tickets and writings, tokens and devices,
purporting, designed and intended to give and entitle the
holder to money and to a prize, share and interest in a
prize in money in a lottery and gift enterprise,
whereby money and other thing of value was and
was pretended. to be disposed of, and which was
to be determined by the drawings of numbers,

a more perfect description of which said ticket, token, writing and device, and lottery is to the grand jurors unknown, and the domicile of which lottery and gift enterprise is to the grand jurors unknown further than it is in the State of Indiana, and which said ticket and token, writing and device, was so sold, vended, bartered, exchanged, disposed of, furnished, supplied, and procured, and caused to be supplied and procured, by the said John Rose in manner and form as aforesaid,—contrary to the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky.

"Third. And the grand jurors aforesaid, upon the authority aforesaid, do further accuse said John Rose of the crime of unlawfully and feloniously aiding, assisting and abetting in setting up, carrying on, conducting, managing, operating, drawing and otherwise promoting a lottery and gift enterprise, whereby money and other thing of value was and was pretended to be disposed of, committed in manner and form as follows, to-wit: The said John Rose, in the said county of Jefferson, in the Commonwealth of Kentucky, on the —— day of December, 1898, and before the finding of the indictment, unlawfully, willfully, wickedly and feloniously did aid, assist and abet in setting up, carrying on, conducting, managing, operating, drawing and otherwise promoting a lottery and gift enterprise, whereby money and other thing of value was and was pretended to be disposed of, a more perfect description of said lottery and gift enterprise being to the grand jurors unknown; and such aiding, assisting and abetting was done by said John Rose in manner and form as aforesaid,—contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

Commonwealth v. Rose.

The only question presented by counsel in this case is the ruling of the court sustaining the demurrer to third count in the indictment, *supra*.

In the case of Miller v. Commonwealth, 13 Bush, 731, this court held that the term "promotion," as described in the statute concerning lotteries, included any act as manager himself, or as agent of those managing a lottery, or by inducing others to buy tickets or chances in a lottery.

The statute under which appellee was indicted provided that all the offenses or different modes of committing the one offense might be charged in one count of an indictment. This statute was evidently enacted in view of the opinion in the Miller Case. We are of opinion that the first count of the indictment charged every offense or mode of committing the offense denounced by section 2573, Kentucky Statutes.

Under the first count, proof of aiding, assisting or abetting in setting up a lottery would be admissible, as it would show that the accused promoted a lottery. So, also, proof of selling tickets would be proper under the first count, as that is promoting.

We are of opinion that, as count 1, *supra*, is all that is required to charge every offense designated by that section, or to charge all the different modes of committing an offense therein denounced, the action of the court in sustaining a demurrer to the third count was not prejudicial to the Commonwealth. It might have been stricken out as surplusage without in any way prejudicing the Commonwealth in the trial.

Judgment affirmed.