Case 99.—SUIT BETWEEN FRANK A. DROEGE, CLERK OF THE KENTON CIRCUIT COURT, AND M. D. McINERNEY, SHERIFF OF KENTON COUNTY, TO TEST THE VALIDITY OF THE ACT OF 1904, MAKING THE CIRCUIT CLERK A MEMBER OF THE ELECTION BOARD IN CITIES OF THE SECOND CLASS IN PLACE OF THE SHERIFF OF THE COUNTY.—June 15.

## Droege, Circuit Clerk v. McInerney, Sheriff.

Appeals from Kenton Circuit Court.

John M. Lassing, Circuit Judge 15th District, Presiding.

Judgment for defendant. Plaintiff appeals. Affirmed.

Election Boards—Cities of Second Class—Substituting Circuit Clerk for Sheriff—Special Legislation—Sec. 59 of the Constitution provides that the General Assembly shall not pass any local or special act "to provide for conducting elections." It also provides that in all cases where a general law can be made applicable no special law shall be enacted. Held— That the amended act of March 22, 1904, providing that "in counties containing cities of the second class the circuit clerk of the county shall be a member of the election board instead of the sheriff," is special legislation, and, therefore, unconstitutional and void.

MYERS & HOWARD for appellant.

We contend that although it may be a fact that the counties of Kenton, Campbell, Fayette and McCracken are the only counties in the State containing cities of the second class, the statute in question would apply to all counties containing cities of that class within the State, and is clearly within the principles announced in the decisions herein referred to. In these two cases the questions presented and the statutes in question were identical, and the same as the question now before this court, and we are unable to see how this proposition could come more squarely before the court for its construction than it did in those cases.

### AUTHORITIES CITED.

Constitution, sec. 59, sub-sec. 20; Constitution, sec. 59, sub-sec. 18; Stone, Auditor v. Wilson, and Stone, Auditor v. Winston, 19 Ky. Law Rep., 126 and 1483, respectively; Southerland on Statutory Construction; Hanlon v. Board of Commissioners of Floyd County, 53 Ind., 123; State and Hargrave v. Rutz, Auditor, 62 Ind. Repts., 160; Darrow v. The People, 8 Col., 417; Ky. Stats., sec. 2998; Walston, &c. v. City of Louisville, 66 S. W., 383; Simpson v. Kentucky Citizens Building and Loan Association, 41 S. W., 570; Ky. Stats., sec. 864; City of Louisville v. Kuntz, 20 Ky. Law Rep., 805.

WM. O. BYRNE for appellee.

The act of March 22d is unconstitutional, because, first, it is violative of sub-sec. 20 of sec. 59 of the Constitution, which provides that the General Assembly shall not pass local or special acts to provide for conducting elections; second, it is violative of sub-sec. 29 of sec. 59 of the Constitution, which provides that "in all other cases where a general law can be made applicable no special law shall be enacted;" third, it is in conflict with sec. 60 of the Constitution, which provides: "The General Assembly shall not indirectly enact any special or local act by the repeal in part of a general act, or by exempting from the operation of a general act, any city, town, district or county. No law shall be enacted granting powers or privileges in any case where the granting of such powers or privileges shall have been provided for by a general law."

### AUTHORITIES CITED.

Act of General Assembly, approved March 22, 1904; act of General Assembly, approved October 24, 1900; sub-sec. 20 of sec. 59

of the Constitution of Kentucky; sub-sec. 29 of sec. 59 of the Con-
stitution of Kentucky; sec. 60 of the Constitution of Kentucky;
sec. 70, Kentucky Election Laws; Sutherland on Stat. Construc-.
tion, sec. 127; Am. & Eng. Enc. of Law, 2d Ed., vol. 26, p. 683;
Simpson v. Kentucky Citizens Building & Loan Association, 101
Ky., 496; City of Louisville v. Kuntz, 104 Ky., 584; Safety Build-
ing & Loan Company v. Ecklar, 106 Ky., 115; E. M. Love v. Ed.
J. Liddle, 26 Utah, 62.

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

By the act of October 24, 1900 (Laws 1900, Special
Session, p. 29, chap. 5, sec. 2), a county board of elec-
tion commissioners was created.   The act contained
this provision: "The sheriff of the county by virtue
of his office shall be a member of said board and shall
preside at its meetings, and in case of disagreement
between the other members of said board, acting as
umpire he shall be permitted to vote.   *   *   *   In
counties where there is no sheriff or where from
other causes the sheriff can not act the circuit .clerk
shall act in his place."   (Ky. Stats., 1903, sec. 1596a,
sub-sec. 2.)

By an act approved March 22, 1904 (Acts 1904, p.
197, chap. 93), the words last above quoted were
changed to read as follows: "In counties where there
is no sheriff, and in counties containing cities of the
second class, or where, from any cause the sheriff can
not act, the circuit court clerk of the county, by virtue
of his office, shall be a member of said board instead
of the sheriff, and shall act in the place of and is
given all the rights and powers that are given to
sheriffs under this section."

Appellant, Frank A. Droege, is the circuit clerk of
Kenton county, and appellee, M. D. McInerney, is
the sheriff.   This is a controversy between them as
to the validity of the act of 1904, in so far as it pro-
vides that in counties containing cities of the second

class the circuit clerk, by virtue of his office, shall be a member of the board, instead of the sheriff. The circuit court held the act invalid, and the clerk appeals.

Sec. 59 of the Constitution provides that the General Assembly shall not pass any local or special acts "to provide for conducting elections." It also provides that, in all cases where a general law can be made applicable, no special law can be enacted.

In 1 Sutherland on Statutory Construction, sec. 203, the rule is thus stated: "Whether or not an act is class legislation, or whether or not it is a general or special law, depends fundamentally upon a question of classification. When an act is assailed as class or special legislation, the attack is necessarily based upon the claim that there are persons or things similarly situated to those embraced in the act, and which by the terms of the act are excluded from its operation. The question then is whether the persons or things embraced by the act form by themselves a proper and legitimate class with reference to the purposes of the act. It is agreed on all hands that the Constitution does not forbid a reasonable and proper classification of the objects of legislation. The question is, what is reasonable and proper in the premises?"

In Safety Building & Loan Company v. Ecklar, 106 Ky., 115, 20 Ky. Law Rep., 1770, 50 S. W., 50, this court said: "We assert it to be elementary that the true test whether a law is a general one, in the constitutional sense, is not alone that it applies equally to all in a class—though that is also necessary—but, in addition, there must be distinctive and natural reasons inducing and supporting the classification. A law does not escape the constitutional inhibition against being a special law merely because it applies

to all of a class arbitrarily and unreasonably defined.''

The same rule was announced in Louisville v. Kuntz, 104 Ky., 584, 20 Ky. Law Rep., 805, 47 S. W., 592; See, also, 26 Am. & Eng. Ency. of Law, 683.)

In Stone, Auditor v. Wilson, 39 S. W., 49, 19 Ky. Law Rep., 126, sec. 1776, Ky. Stats., 1894, regulating the compensation of clerks in counties having a population of over 40,000 and less than 75,000 was held valid.

In Winston v. Stone, Auditor, 102 Ky., 423, 19 Ky. Law Rep., 1483, 43 S. W., 397, sec. 1761, Ky. Stats., 1894, regulating the compensation of officers in counties having a population of over 75,000 was held not special or local legislation. But in both of these cases the classification which the Legislature made was not arbitrary or unreasonable. There are distinctive and natural reasons supporting the classification, for it necessarily follows that in counties having a large population the fees of the county officers are much larger than in counties having a smaller population, and, although in the smaller counties all the fees of the office may be barely sufficient to support the officer, in the counties having a large population a part of the fees may be adequate for this purpose, and the surplus may be turned into the State treasury. The limitation of the compensation of the officers takes away the temptation to use large sums of money to obtain the office, and also tends to promote the public service.

In Walston v. Louisville, 23 Ky. Law Rep., 1852, 66 S. W., 385, sec. 2998, Ky. Stats., 1899, which provides that, in cities of the first class, interest shall run at a certain rate on unpaid tax bills, was held constitutional. But this section is part of the act for the government of cities of the first class, and

the Legislature is given by the Constitution power
to regulate the government of each class of cities.
It has, therefore, power to provide such regulations
to secure the prompt payment of taxes as may be
necessary, and regulations that may be necessary
in one class of cities may not be necessary in another
class.   In other words, as to the classification here,
learned counsel has referred us to a number of deci-
sions in other States, but they seem only to be in
line with those referred to.   In the case before us
there are no distinctive or natural reasons that the
sheriff should be a member of the county board of
election commissioners in all the counties of the State
except those containing a city of the second class,
or that the circuit clerk in the latter counties should
be substituted in place of the sheriff.   To except
counties containing a city of the second class
out of the operation of the general rule is to define a
class arbitrarily and unreasonably.   If the Legis-
lature may do this, it may provide that the county
clerk in counties containing a city of the third class
shall be a member of the board, or the jailer in coun-
ties containing a city of the fourth class, or the
coroner in counties containing a city of the fifth class.
If this may be done, under the Constitution, as to the
board of election commissioners, the same principle
may be applied by the Legislature in all matters re-
lating to elections, from the preparation of the bal-
lots to the counting of the votes and the determina-
tion of the result.   So there would be no uniformity
at all of the law regulating elections.   This would de-
feat the plain purpose of the Constitution.

   Judgment affirmed.