## Nuetzel, County Clerk v. The Members of the State Tax Commission, et al.

(Decided October 17, 1924.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Statutes—Acts Relating to Motor Vehicles Held Invalid as Special Statutes.—Acts 1922, c. 49, and Acts 1924, c. 77, relating to registration and taxation of motor vehicles, violate Constitution, section 59, subsections 15, 29, as being special statutes.

2. Statutes—If Amending Acts Invalid Original Act Remains in Force and Effect.—If two amending acts are invalid, original act remains in full force and effect.

3. Courts—Refusal of Member of Court to Pass on Question Not Binding on Appeal from Final Judgment.—Refusal of member of Court of Appeals to pass on question on motion made in injunction proceeding pursuant to provisions of Civil Code, section 296, would not be binding on Court of Appeals on appeal from final judgment.

JOHN B. BASKIN for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This equity action filed in the Jefferson circuit court by appellant and plaintiff below, Nuetzel, as clerk of Jefferson county, against the members of the State tax commission and the clerk of the Jefferson circuit court, challenges the constitutionality of chapter 49, page 166, Acts 1922, and chapter 77, page 193, of the Acts of 1924, upon the ground that each of them violates the provisions

of sections 59 and 60 of our Constitution in that they are special statutes and enacted contrary to the provisions of those two sections of that instrument. The record was so prepared as to present the questions and the court adjudged against plaintiff and dismissed his petition, from which he prosecutes this appeal.

Section 59 of the Constitution says: "The General Assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, namely." Then follows twenty-eight named subjects and purposes, the fifteenth one saying: "To authorize or to regulate the levy, the assessment or the collection of taxes, or to give any indulgence or discharge to ny assessor or collector of taxes, or to his sureties." "The twenty-ninth subdivision of the section says: "In all other cases where a general law can be made applicable, no special law shall be enacted." Section 60 of the Constitution forbids the enactment of a special or local act by the repeal in part of a general act, and exempting from the operation of a general act a designated locality.

Chapter 90, page 415, Acts 1920, now sections 2739g-1 to and including section 2739g-68 of the 1922 edition of Carroll's Kentucky Statutes, was a general statute relating to motor vehicles, and in section 2739g-2 of the statutes (section 2 of the act), it was provided that the owner of a motor vehicle shall register it with the clerk of the county court of the county in which he resides or of the county in which the vehicle is to be operated, and that the clerk shall collect therefor the registration fees provided in the section and perform the other imposed duties pertaining to such registration, and the various county court clerks in performing such duties were made agencies of the state tax commission in the discharge of those duties. The substance of the 1922 act referred to, *supra*, amended the 1920 act so as to impose the duties regarding registration of motor vehicles on the circuit court clerk in all counties containing a city of the first class; and the 1924 act amended the 1920 act as it was amended by the 1922 act so as to take away the performance of those duties from the circuit court clerk, imposed upon him by the 1922 act, and conferred them on the state tax commission to be performed by clerks or agents appointed by it for that purpose. So that, after the 1924 amendment, the administration of the general law with reference to the registration of motor vehicles would be performed by the various county court clerks of the

state except in counties having a city of the first class and in them such duties would be performed by the state tax commission through clerks or agents appointed for that purpose. It is the contention of plaintiff that the last two acts (1922 and 1924) are inhibited by the two sections of the Constitution referred to.

Subsection 29 of section 59 of the Constitution is the chief reliance of counsel for appellant in support of that contention, since he insists that the two acts referred to are special laws and intended to apply to special localities when a general law covering the entire state could be made applicable, and he relies on the two cases of Droege, Circuit Court Clerk v. McInerney, Sheriff, 120 Ky. 796, and James, Auditor v. Barry, 138 Ky. 656; and, unless the facts in this case differentiate it from those involved in the two cases referred to, it must be governed by the principle of those two opinions in so far as subsection 29 of section 59 of the Constitution is involved.

In the Droege case an act of the General Assembly amended the prior statute with reference to county election commissioners so as to make the circuit court clerk by virtue of his office, in all counties containing a city of the second class, an election commissioner for that county instead of the sheriff, who was the standing election commissioner of the county in all counties, as provided by a general statute theretofore enacted, and which the involved act amended, and the opinion held that the provisions of the Constitution, *supra,* forbid the legislature from making circuit court clerks in counties containing cities of the second class election commissioners for their respective counties, because it was a special law in violation of subsection 29 of section 59. The right of the legislature to classify objects and subjects for the purpose of legislation without violating the provisions of the Constitution with reference to special or local acts was recognized in that opinion. It was furthermore held therein that the right to so classify was not absolute, nor could it be arbitrarily exercised, but on the contrary, "there must be distinctive and natural reasons inducing and supporting the classification," which quotation was taken from the case of Safety Building & Loan Co. v. Ecklar, 106 Ky. 115, and a number of other cases from this court, as well as text authorities, are referred to in the opinion, which also differentiated the two cases of Stone, Auditor v. Wilson, 19 Ky. L. R. 126, and Winston v. Stone, Auditor, 102 Ky. 423, and chiefly relied on by counsel for appellees,

by pointing out that the classification made by the acts involved in those two cases "was not arbitrary or unreasonable," but supported by substantial differentiating facts. In stating the reasons for the conclusion reached in that opinion, this court said:

"In the case before us there is no distinctive or natural reason that the sheriff should be a member of the county board of election commissioners in all the counties of the state except those containing a city of the second class, or that the circuit clerk in the latter counties should be substituted in place of the sheriff. To except counties containing a city of the second class out of the operation of the general rule is to define a class arbitrarily and unreasonably. If the legislature may do this, it may provide that the county clerk in counties containing a city of the third class shall be a member of the board, or the jailer in counties containing a city of the fourth class, or the coroner in counties containing a city of the fifth class. If this may be done, under the Constitution, as to the board of election commissioners, the same principle may be applied by the legislature in all matters relating to elections, from the preparation of the ballots to the counting of the votes and the determination of the result. So there would be no uniformity at all of the law regulating elections. This would defeat the plain purpose of the Constitution."

The same observations are appropriate here, for if the two involved acts of 1922 and 1924 are not in opposition to the provisions of the Constitution, *supra,* then it would be competent for the legislature to prescribe that in counties having a designated population the registration of automobiles and the collection of the fees therefor might be made by the sheriff, and in counties of a different population the duties might be performed by another designated county officer, and in still others by the state tax commission, as is attempted to be done in this case, so that, there would be no uniformity of the law upon the subject and all of which would be brought about by an alleged valid classification of the various counties without any distinctive or natural reason supporting it.

In this connection it may be said that counsel for appellees attempt to uphold the classification in this case upon the ground that the volume of business to be performed in carrying out the provisions of the statute in

counties containing a first class city was sufficient to uphold it, but we are not inclined to accept that fact as a justification for the classification. If it was sound, then the Droege opinion was wrong, except as to counties containing first class cities, because in second class cities there was necessarily a greater amount of work to be performed by the election commissioners than in counties with a much less population; and if the volume of business alone is a sufficient differentiating fact to support the classification, then in all counties where there would be a difference in the volume of business would be sufficient to uphold a separate classification. It is stated in brief of counsel for appellees that "we do not mean to contend that *any* act made applicable to counties having a certain population, is *ipso facto* valid, or that it is for that reason alone legitimate," which is to say that it requires something else to make the statute valid, unless it is one of purely local application, *i. e.*, appertaining to the municipal affairs of the class or classes of cities to which it applies.

A similar question was involved in the Barry case, where the legislature attempted to provide a different method for the payment of the compensation of assessors of property for state purposes in counties containing a city of the first class, and it was held that the act violated the sections of the Constitution with reference to the enactment of special laws; and in discussing the question, the court said: "But where the subject is one of general application throughout the state, and has been so treated in a general scheme of legislation, distinctions favorable or unfavorable to particular localities, and rested alone upon numbers and density of population, are invidious, and therefore offensive to the letter and spirit of the Constitution;" and, it was held that the act there under consideration violated certain provisions of the Constitution, among which was subsection 29 of section 59.

Moreover, we are inclined to the belief that the acts here involved violate the provisions of subsection 15 of section 59 of the Constitution, and which subsection we have heretofore inserted in this opinion. In the case of Kentucky Heating Co. v. City of Louisville, 174 Ky. 142, there was involved the validity of a statute authorizing a city of the first class to provide for the assessment of corporate franchises for the purposes of *municipal* taxation, when theretofore by a general law the assessment of such franchises was made by the state board

of valuation and assessment and certified to the various municipalities for the purpose of collecting their municipal local taxes; and it was held that the act was not special nor forbidden by the provisions of the Constitution against such legislation, because it related to municipal affairs alone and was not one where a general law could be made applicable, and that the constitutional provisions permitting the classification of cities also authorized legislation applicable alone to such classifications. It was said, however, in the opinion that:

"But in some instances the legislature has attempted to repeal or modify general laws by special acts applicable to cities that did not concern the municipal affairs of the city, and in these instances the legislation was held invalid, not because the legislature did not have the right to legislate specially for cities and towns in matters relating to municipal affairs, but because the legislation designated as applicable to cities only was an attempt to enact special legislation, in contravention of the Constitution, under the pretense that it concerned only the internal affairs of cities, when the real purpose was not to regulate or control at all municipal affairs but to exempt the cities from general laws. Illustrations of this class of legislation are to be found in Droege v. McInerney, 120 Ky. 796; Columbia Trust Co. v. Lincoln Institute, 138 Ky. 804; James v. Barry, 138 Ky. 656. But the legislation authorizing the city assessor of certain cities to assess the franchise of designated corporations for taxation for municipal purposes plainly relates only to the municipal affairs of the city."

The statute there involved, for the reason stated in the opinion, was upheld, although, as will be observed from the excerpt taken from the opinion, the conclusion of the court would have been otherwise had not the act related "only to the municipal affairs of the city. If the act then under consideration, which related to the *assessment* of property, would have violated the provisions of subsection 15 of section 59 of the Constitution had the assessment been for state and county purposes only, then it naturally follows that the two acts here involved would also violate the same subsection, since they relate to the *collection* of state taxes, and the inhibition contained in the subsection is directed as much against *collection* of

taxes by special acts as it is directed against the *assessment* under such acts.

The contention of appellees' counsel that, in as much as the court did not pronounce judgment upon the validity of the 1922 act conferring the duties with reference to the subject matter involved upon the circuit court clerk, the appellant cannot mantain this action, is also answered in the negative by the Kentucky Heating Company opinion, on page 146, which in effect held that if both acts were invalid, then the original act, before amendment by either of them, would remain in full force and effect.

In justice to the learned trial judge, we feel it not amiss to say that he expressed grave doubts as to the correctness of his judgment, and was influenced therein by the refusal of a member of this court to pass upon the question involved on a motion made in an injunction proceeding pursuant to the provisions of section 296 of the Civil Code, which, it may be added, would not be binding on this court on this appeal from a final judgment, as has been held in numerous cases. However, it may further be added that upon that hearing it was not thought proper to determine the important constitutional question involved but rather to let matters remain *in statu quo* until the question could be heard upon its merits on appeal from a final judgment.

We, therefore, conclude that, for the reasons stated, both the 1922 and 1924 acts are unconstitutional and invalid, which renders it unnecessary to notice other contentions made by counsel for appellees, and the judgment is reversed with directions to grant the prayer of the petition and for further proceedings consistent with this opinion.