## Lanford v. Commonwealth.

(Decided June 19, 1925.)

### Appeal from Harlan Circuit Court.

1.  Robbery—Defendant's Participation in Transactions in Evidence Held for Jury on Conflicting Testimony.—Whether defendant participated in transactions in evidence held for jury on conflicting testimony, in prosecution for robbery.

2. Robbery—Act Imposing Penalty Not Affected by Unconstitutional Amendment.—Acts 1922, chapter 97, being unconstitutional, Kentucky Statutes, section 1159, imposing penalty for robbery, remains in effect as it stood before purported amendment by such void statute.

3. Robbery—Indictments Averring Force Not Demurrable for Failure to Allege Putting in Fear of Bodily Harm.—Indictments for robbery with force and arms and by putting in fear, sufficiently averred force, and hence were not demurrable for not alleging that defendant put named person in fear of some bodily harm.

4. Robbery—May be Committed by Threats of Injury to Property or Reputation as Well as Bodily Harm.—Robbery may be committed by obtaining property from person of another by threats of injury to his property or reputation, as well as by putting him in fear of bodily harm.

5. Robbery—Fear of Bodily Harm Need Not be Alleged in Indictment for "Robbery."—While taking of personal property in another's possession from his person or in his presence by violence or putting him in fear must be alleged in indictment for robbery, kind of fear, whether of bodily harm or injury to property or reputation, need not be alleged.

HALL, LEE & SNYDER for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellant was tried under two indictments charging him with the offense of robbery. He was found guilty and sentenced to five years' imprisonment in each case. By agreement the two cases were heard together in the lower court and here.

It appears that appellant was a prisoner in the Harlan county jail, and while such, Dewey Wynn and Goebel Wynn came to the jail for the purpose of visiting some friends therein; that while they were in one of the cells the defendant, armed with a large broom handle or stick, placed himself in the doorway of the cell, barred it with the broom handle or stick and demanded from each of them the sum of twenty-five cents. When they demurred to the payment of this, he told them that unless they would pay it he would come into the cell and "bust hell out of them," and being in fear of him they paid the money rather than have any trouble. Appellant denies these facts and says that he did not participate in these transactions. There is an abundance of evidence to con-

tradict him, and the jury had a right to believe the Commonwealth's side rather than that of appellant.

For reversal, it is first urged that there is no statutory penalty for the crime of robbery in this state. This contention is bottomed on the opinion of this court in the case of Gibson v. Commonwealth, 204 Ky. 748; 265 S. W. 339. However, since appellant briefed this case for this court, we have withdrawn the opinion in the Gibson case, *supra*, and on a petition for rehearing have held that chapter 97 of the Acts of 1922, purporting to amend section 1159 of the Kentucky Statutes, is unconstitutional. Gibson v. Commonwealth, 209 Ky. 101, 272 S. W. 43. Hence section 1159 of the Kentucky Statutes as it stood prior to said purported amendment is and was at the time of the transactions herein complained of still in full force and effect. Nuetzel v. State Tax Commission, 205 Ky. 124, 265 S. W. 606. As Section 1159, Kentucky Statutes (1922 ed.), fully covers the matter of penalty for the crime of robbery, there is no merit in appellant's first contention.

Appellant next contends that the demurrer to the indictments in these cases should have been sustained, or failing, this court should have given a peremptory instruction on the proof to find for appellant. The indictments charge the appellant in each case with "unlawfully, wilfully and feloniously with force and arms and by putting in fear" the named person taking from such person twenty-five cents against his will and consent, and for the purpose of permanently depriving him of his personal property. It is urged that the indictment is defective because it does not say that appellant put the named person in fear of "some bodily harm." In the case of Blanton v. Commonwealth, 139 Ky. 411, 58 S. W. 422, we defined robbery as the felonious taking of property from the person of another by force, and held that the taking must be by violence or by putting the owner in fear, but that both of these circumstances need not concur. We further held that it was sufficient in such an indictment to aver force only. As both indictments in these cases sufficiently averred "force" it is apparent that they were not demurrable. Appellant insists, however, that though the indictments be not demurrable, he was entitled to a peremptory instruction because the proof failed to disclose a taking by force but, if anything, only by fear, and the averment of fear in the indictment

was not sufficient, in the particular above mentioned, to support a conviction for taking by fear.

The fear which will make a felonious taking, as here, robbery need not necessarily be fear of bodily harm as insisted by appellant. Robbery may be committed by obtaining property from the person of another by threats of injury to his property under some state of case of injury to his reputation. 34 Cyc. 1801. Robbery is usually defined as the taking with intent to steal of personal property in possession of another from his person or in his presence by violence or by putting him in fear. Although these essential elements must appear in an indictment for this offense, yet the kind of fear by which the robbery is effected need not be alleged. 34 Cyc. 1803. Hence the indictment in this case was amply sufficient to warrant an instruction to the jury based on a taking by putting in fear and to sustain a conviction obtained thereby.

These are all grounds urged against appellant's conviction, and as they are without merit, the judgment of the lower court is affirmed in both cases.