## E. J. Felts, County Attorney of Logan County v. J. T. Linton, County Judge of Logan County, et al.

(Decided December 17, 1926.)

### Appeal from Logan Circuit Court.

1. Legislature Held Without Power to Pass County Budget Act Exempting Counties having Commission Form of Government (Const., Sec. 59, Subd. 29, and Section 144; Acts 1926, C. 171).— Legislature held to be without power, under Constitution, section 59, subdivision 29, prohibiting passage of special laws when gen-

eral law can be applicable, to enact Acts 1926, chapter 171, creating a county budget system, but exempting from its operation counties having commission form of government, authorized by section 144, there being no distinctive or natural reason for such classification since governing bodies of both forms of county government discharge identical duties.

2.   Evidence—Court will Take Judicial Notice that Only One County Comes Within Provision Requiring Eight Magisterial Districts (Constitution, Section 144; Ky. Stats., Sections 1078, 1079).— Court will take judicial Notice of fact that there is only one county in state, containing cities of 150,000 population or more, required to have eight magisterial districts, under Constitution, section 144, and Ky. Stats., sections 1078, 1079.

3.   Counties—Whether Fiscal Court Form or Commission Form of County Government is Adopted Depends, Not on Similarity or Difference in Respect to Other Counties, but on Citizens' Wishes (Ky. Stats., Supp. 1926, Section 1847).—Kind of government county may have as authorized by Ky. Stats., Supp. 1926, section 1847, does not depend on similarity or difference between county in question and other counties, but solely on type of government citizens desire.

4.   Act Providing for County Budget System Held Entirely Invalid, Invalidity Not Being Confined to Clause Excluding Counties having Commission Form of Government (Acts 1926, C. 171, Secs. 29, 32.)—Acts 1926, c. 171, providing for county budget system, held entirely invalid, in spite of section 29 thereof to the contrary, in view of apparent legislative intent to exempt, by section 32, counties having commission form of government from its provisions.

E. J. FELTS for appellant.

COLEMAN TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The Legislature of 1926 passed what is known as the county budget act, it being chapter 171 of the Acts of that session. As stated in its title the act provides for the administration of the fiscal affairs of each county of this Commonwealth under a uniform budget system, the idea of which, wherever adopted, has proved its worth in putting fiscal receipts and expenditures on an intelligible and businesslike basis. As originally drafted and introduced by its author, the Hon. E. D. Stephenson, president *pro tem.* of the senate, the act was applicable to all the counties of the Commonwealth, but before it was put on its final passage it was amended in the senate by the ad-

dition of a provision which now appears as section 32 of that act. That section reads:

"The provisions of this act shall not apply to counties having fiscal courts composed of the county judge and three commissioners."

Relying chiefly on this provision as rendering the act unconstitutional, the appellant, as county attorney of Logan county, Kentucky, brought this action against the county judge and the magistrates of that county individually and as composing the fiscal court of Logan county, and others, to enjoin them from putting the provisions of the act into operation. The lower court, being of the opinion that the act was constitutional, sustained a demurrer to the petition of the appellant, and, he having declined to plead further, his petition was dismissed, and he brings this appeal.

By subsection 29 of section 59 of our Constitution it is provided that where a general law can be made applicable, no special law shall be enacted. In this connection we said in Safety Building & Loan Co. v. Ecklar, 106 Ky. 115, 50 S. W. 50:

"We assert it to be elementary that the true test whether a law is a general one, in the constitutional sense, is not alone that it applies equally to all in a class—though that is also necessary—but, in addition, there must be distinctive and natural reasons inducing and supporting the classification. A law does not escape the constitutional inhibition against being a special law merely because it applies to all of a class arbitrarily and unreasonably defined."

In Droege v. McInerney, 120 Ky. 796, 27 Ky. L. R. 1137, 87 S. W. 1085, we quoted with approval the following from 1 Sutherland on Statutory Construction, sec. 203:

"Whether or not an act is class legislation, or whether or not it is a general or special law, depends fundamentally upon a question of classification. When an act is assailed as class or special legislation, the attack is necessarily based upon the claim that there are persons or things similarly situated to those embraced in the act, and which by the terms of the act are excluded from its operation. The ques-

tion then is whether the persons or things embraced by the act form by themselves a proper and legitimate class with reference to the purposes of the act. It is agreed on all hands that the Constitution does not forbid a reasonable and proper classification of the objects of legislation. The question is, what is reasonable and proper in the premises.''

To the same effect is Nuetzel, County Clerk v. State Tax Commission, 205 Ky. 124, 265 S. W. 606, where the rule was stated that the right to classify is not absolute nor can it be arbitrarily exercised, but on the contrary there must be distinctive and natural reasons inducing and supporting the classification.

The question, then, we have to determine is whether the exemption from the operation of this county budget act, of those counties governed by the commission form of government is based on any distinctive' or natural reason inducing and supporting such a classification.

Section 144 of our Constitution provides:

''Counties shall have a fiscal court, which may consist of the judge of the county court and the justices of the peace, in which court the judge of the county court shall preside, if present, or a county may have three commissioners, to be elected from the county at large, who, together with the judge of the county court, shall constitute the fiscal court. . . . ''

Under this provision of our Constitution any county of this Commonwealth is authorized to have either the commission form of government or a fiscal court composed of the county judge and the justices of the peace, the latter form of government being commonly called the fiscal court form of government.

Section 142 of the Constitution provides that no county shall have less than three magisterial districts nor more than eight. Sections 1078 and 1079 of the statutes provide for putting into effect this constitutional provision. Reading these constitutional and statutory provisions, we find that it is possible for every county of this state, except those containing cities of 150,000 population or more, to have a fiscal court composed of the county judge and but three magistrates, counties containing such cities being required to have eight magisterial districts.

We judicially know that there is at present but one such county in the state.

Section 1847 of the statutes (Carroll's Statutes 1926 Supplement) authorizes any county of the state, so desiring it, to adopt and have the commission form of government authorized by the Constitution in lieu of the fiscal court form of government. The kind of government the county, may have does not depend on any similarity or difference between it and other counties, but solely on which kind its citizens wish.

Except as to certain details not here pertinent, the statutes applicable to the commission form of government for counties provide that all laws governing fiscal courts composed of the county judge and magistrates shall apply to fiscal courts composed of the county judge and commissioners. In other words, in the management of the affairs of the county the commission form of government is governed by the same statutes as is the fiscal court form of government.

From the foregoing recapitulation of the constitutional and statutory provisions bearing on the problem before us, it will be seen that, essentially, there is but little difference between the commission form of government and the fiscal court form of government. On the one hand, the county is governed by the county judge and three commissioners; on the other by the county judge and the magistrates of the county, whose number may possibly not exceed that of the commissioners, that is, three. In the discharge of their duties both forms of government are in the main controlled by the same statutes. It is quite possible for two counties of practically the same character and of equal population to be side by side, but one under the commission form of government and the other under the fiscal court form of government. Indeed, any county may change by going through the proper procedure at the proper time, from one form to the other, and yet be governed in the main by the same laws no matter which form of government it is under. Its right to so change depends on no difference or similarity between it and other counties but solely on the wishes of its electorate. No good reason is therefore seen why the fiscal affairs of counties under the commission form of government should be managed differently from those under the fiscal court form of government.

The governing bodies of both forms discharge identical duties; they may be the same in number, and about the only difference between the two is in the manner of their election. The counties are not classified under the act before us on any basis of population or difference in character, but only on whether they have the commission form of government or fiscal court form of government. Such form of government depends on no distinction between the counties, but solely on the result of the vote of the citizens of the county in question. It is apparent then that the classification made by the budget act here in question is not based on any distinctive or natural reasons inducing and supporting such classification, and that therefore the legislature was without power under subsection 29 of section 59 of the Constitution to create this budget system applicable only in the counties having the fiscal court form of government in the present state of the law providing for both kinds of county government.

It is argued, however, that if the Legislature had no right to exempt from the operation of this budget act those counties having the commission form of government, then section 32 of the Act which brings about that exemption, should be held unconstitutional and void, but that the rest of the act should be upheld particularly in view of section 29 thereof, which provides in substance that if any section, provision, paragraph or clause of the act shall be declared unconstitutional, such invalidity shall not affect any of the remaining provisions of the act; it being the intention of the Legislature to enact each clause, paragraph, provision, and section of the act separately. The fallacy in this position, however, lies in the assumption that it is section 32 of the act which is invalid, whereas that section is as valid as any other section of that act. It is its presence in the Act which renders the act as a whole invalid. Further, aside from this section 29 of the act, it is settled by the adjudications of this and other courts that if different sections of a statute are independent of each other, that which is unconstituitonal may be disregarded and valid sections allowed to stand and be in force. Kirchdorfer v. Tincher, 204 Ky. 366, S. W. 766. Yet, it is also the inflexible rule that where a portion of an act is valid and a portion invalid, and the court cannot say that the legislature would

have passed the act with the invalid portion eliminated, then the entire act must be held invalid. Commonwealth v. Hatfield Coal Co., 186 Ky. 411, 217 S. W. 125. In the determination of the validity or invalidity of particular provisions of public laws, the court should not be unmindful of the effect upon the entire enactment of the holding of any particular provision invalid. It is true that section 29 of the act provides that the invalidity of any clause thereof shall not affect the remaining provisions; yet this section must receive a construction consistent with the rules of constitutional law. While this section may be indicative of the legislative intention, yet in construing it we must give due consideration to the rules heretofore laid down by this court in the interpretation of statutes. We cannot under such rules ignore the fact that to hold section 32 of the act invalid and then to enforce the act as applicable to all of the counties of the Commonwealth, would bring about a result that the legislature never intended. The statute must be considered as a whole as passed and its intention derived from a consideration of all of its clauses and provisions. By section 32 the Legislature left nothing to inference, for it specifically declared its intention that counties having the commission form of government should not be required to adopt the budget system created by this act. It is plain that the act would not have passed but for the exemption of such counties, and to now ignore section 32 and to apply the act to all counties irrespective of their form of government would arrive at a result that the Legislature never contemplated nor intended but one it specifically stated it wished to avoid. Construing section 29, then, in the light of these rules of constitutional construction, we are necessarily brought to the conclusion that the legislature would not have passed the act with section 32 eliminated, for which reason the entire act must be held invalid. These views are supported by the principles underlying the Kirchdorfer and Hatfield Coal Co. cases, *supra,* and the many like cases of this court and others, among which is the very well reasoned case of Springfield Gas & Electric Co. v. City of Springfield, 292 Ill. 236, 126 N. E. 739, 18 A. L. R. 929.

It results therefore that the lower court erred in holding this county budget act constitutional and in dis-

missing the appellant's petition. Its judgment is reversed, with instructions to enter a judgment for the appellant in accordance with the prayer of his petition.

Whole court sitting.