## Ward v. Commonwealth.

(Decided March 15, 1929.)

W. J. WARD for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

W. J. Ward was convicted under the provisions of section 1213a, Kentucky Statutes, 1926 Supplement, of the crime of uttering a "cold check." On this appeal he urges several grounds for reversal, among others, that the court erred, in overruling a demurrer to the indictment, in refusing to permit him to introduce competent evidence in his behalf and in overruling his motion for a directed verdict.

On July 30, 1927, the prosecuting witness, Green Blair, sold at auction a number of houses and lots in or near Paintsville. Appellant purchased, for approximately $2,200, seven lots, on which were six houses. The terms of the sale were part cash and the balance on time, for which the purchaser was to execute notes. Blair admits that appellant paid him that part of the purchase price that was to be paid in cash under the terms of the

sale, and that this amounted to approximately $1,000. Whether this was paid in money or by checks and the checks cashed is not disclosed. Before the notes for the deferred payments were executed, Blair agreed that, if appellant would pay the balance in cash, he would allow him a discount of 10 per cent, which left due the sum of $922.50. Appellant agreed to this arrangement and delivered to Blair a check on the Paintsville National Bank for $922.50 signed, "Lou C. Ward by W. J. Ward." The check was dated July 30, 1927, and was presented to the bank for payment on that day, but prior to its presentment appellant had notified the bank not to pay it. It was again presented for payment on Monday, August 1, and payment was again refused, and on August 4 it was protested. At the time the check was issued, there was to the credit of the account on which it was drawn the sum of $426.15, which was not sufficient for its payment.

Appellant was indicted on the 31st day of August, 1927. A demurrer was sustained to the indictment, and a new indictment was returned on November 17, 1927, which failed to charge that at the time the check was drawn appellant knew he had not sufficient funds in the bank for the payment of the check. A demurrer to this indictment was overruled. Appellant offered to introduce evidence to show that shortly after he issued the check he learned that the title to the real estate he had purchased and for which the check was in part payment was defective; that there were two mortgages on the property and an unreleased lien for $2,000 retained in a deed dated May 12, 1921, from Ray Bayes and Jessie Price to Malta B. Bailey and J. F. Bailey, predecessors in title of Blair. Appellant also offered to introduce evidence to show that the six houses on the lots purchased by him from Blair had not been completed, and that the laborers who had been working on them had not been paid and were threatening to assert mechanics' liens on the property. Appellant also offered to introduce evidence to show that the prosecuting witness owned less than $1,000 worth of real estate in this state and was insolvent. All of the evidence above enumerated was excluded by the court over the objection of appellant, and proper avowals were made in each instance.

The trial court apparently overruled the demurrer to the indictment and excluded the evidence in question upon the theory that under the statute any person making, drawing, uttering, or delivering a check upon any

bank when such person did not have sufficient funds in the bank for the payment of the check, is guilty of a violation of the statute, regardless of any intent to defraud by the person issuing the check or any knowledge on his part as to the state of his account. Section 1213a, Carroll's Kentucky Statutes, 1922 edition, which was enacted in 1914 (Acts of 1914, p. 29) reads in part as follows:

"That any person who *with intent to defraud* shall make, or draw or utter or deliver any check, draft or order for the payment of money upon any bank or other depository, *knowing* at the time of such making, drawing, uttering or delivery that the maker or drawer has not sufficient funds in such bank or other depository for the payment of such check, draft or order in full upon its presentation; . . . if the amount of such check or draft be $20 or over, he shall be guilty of a felony and confined in the penitentiary for not less than one year nor more than two years." (Italics ours.)

By an act of the General Assembly of 1926 (chapter 62, Acts of 1926), it was attempted to repeal and re-enact section 1213a, Kentucky Statutes, 1922 edition. The act of 1926, which, if valid, was in force at the time the check in question was issued, provided:

"That any person who shall make, draw, utter or deliver, any check, draft or other order for the payment of money upon any bank or other depository, and shall thereby obtain thereon money, goods or credit on any account which he then owes, not having at the time of such making, drawing, uttering or delivery, sufficient funds in such bank or other depository, for the payment of such check, draft or order in full upon its presentation; . . . if the amount of said check, draft or order be more than $20, he shall be guilty of a felony and upon conviction be confined in the penitentiary for not less than one year nor more than five years."

It will be noted that the words italicized in the quoted portion of the old act, supra, to-wit, "with intent to defraud," and "knowing," were omitted from the 1926 act.

In 1928 an act to repeal and re-enact chapter 62 of the Acts of the General Assembly of 1926 was passed. Acts 1928, c. 41. The 1928 act differed from the 1926 act

only in minor details. In Burnam v. Commonwealth, 15 S. W. (2d) —, 228 Ky. 410, we held that the 1928 act violated section 18 of the Constitution and was void. That act sought to make a person criminally liable who draws a check upon a bank without having sufficient funds in the bank for the payment of the check, although he may have no intent to defraud and does not know the funds on deposit are insufficient to meet the check. The 1926 act contains the same vice as does the 1928 act, and is subject to the same criticism. Each is merely a debt-collecting statute. The 1926 act is void for the same reasons that rendered the 1928 act void, which are pointed out in the opinion in the Burnam case. Therefore the act of 1914, in which intent to defraud and knowledge that the maker or drawer of the check has not sufficient funds in the bank for its payment are essential elements of the offense, is still in effect. Where a law amending or repealing a prior law is held to be void, the prior law remains in full force and effect as originally passed. Burnam v. Commonwealth, supra; Lanford v. Commonwealth, 209 Ky. 693, 273 S. W. 492; Swiss Oil Corporation v. Shanks, 208 Ky. 64, 270 S. W. 478; Gay v. Brent, 166 Ky. 833, 179 S. W. 1051.

The indictment in the instant case failed to charge that appellant knew at the time of making the check that he had not sufficient funds in the bank for its payment, and, as this is an essential element of the offense denounced by the 1914 act, the indictment was fatally defective, and the demurrer thereto should have been sustained. Adams Express Co. v. Commonwealth, 177 Ky. 449, 197 S. W. 957.

Wherefore the judgment is reversed.