## Hughes v. Commonwealth.

(Decided June 11, 1929.)

S. JEWELL RICE for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

'OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS —Reversing.

C. W. Hughes appeals from a judgment of conviction sentencing him to one year in the penitentiary for a

violation of section 1213a, Ky. Statutes, commonly designated the "cold check" statute.

The facts show that early in September, 1927, Hughes purchased and received some hay from Dan P. Scott. Payment was not made at the time, and on September 24th, Scott undertook to collect the bill. Hughes had no cash, but offered Scott a check for $100 in part payment, telling him that he did not have sufficient funds on deposit to pay it, but that, if Scott would hold the check until the following Monday (the 24th being on Saturday), he thought he could have the funds in the bank to meet it. Scott accepted the check on those terms, and on the Wednesday following presented the check to the bank for payment, which was refused. Hughes was notified of the default, and, not making payment within 20 days thereafter, this prosecution followed.

In the recent cases of Burnam v. Com., 228 Ky. 410, 15 S. W. (2d) 256, and Ward v. Com., 228 Ky. 468, 15 S. W. (2d) 276, it was held that chapter 62, Acts of 1926, and chapter 41, Acts of 1928, purporting to repeal and re-enact chapter 8 of the Acts of 1914, now section 1213a, Ky. Statutes, are both invalid and void. In the later case it was also held that the original act, chapter 8, Acts of 1914, was not affected by the invalid amendments, and that it remains in effect. It reads:

"That any person who with intent to defraud shall make, or draw or utter or deliver any check, draft or order for the payment of money upon any bank or other depository, knowing at the time of such making, drawing, uttering or delivery that the maker or drawer has not sufficient funds in such bank or other depository for the payment or such check, draft or order in full upon its presentation; . .
if the amount of such check or draft be $20.00 or over, he shall be guilty of a felony and confined in the penitentiary for not less than one year nor more than two years."

In King v. Com., 203 Ky. 163, 261 S. W. 1096, this statute was construed and the authorities bearing thereon collated. The facts involved in that case were similar to those involved in this case, and in holding the statute inapplicable to such facts we said:

"The statute is based on the principle that the drawing or uttering of a check is an implied repre-

sentation that the drawer has present funds on deposit to meet it. By its provisions, if such funds are not on hand and this is done with the intent to defraud, a crime is committed, and the act of drawing or uttering is made prima facie evidence of such intent. If the person exchanging money or property therefor is informed before he makes such exchange that such funds are not on hand to meet the check, and accepts it under a promise to hold it to enable the maker to procure funds to meet it, this is but the creation of a debt, and the drawing or uttering of a check in evidence thereof is not to be distinguished from the execution of a promissory note.''

Reference is also made in that case to the previous case of Com. v. Hammock, 198 Ky. 785, 250 S. W. 85, where a check was given in payment of a pre-existing debt, and in which it is said:

''The crime is not committed unless the issuing of the check, draft or order was with intent to defraud. If it were not issued with intent to defraud, and its issual could not have been, under the facts, a fraud, no violation of the statute results.''

In the light of the above cases, the court should have given the jury a peremptory instruction to find the defendant not guilty.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.