## Commonwealth v. Malco-Memphis Theatres, Inc.

March 9, 1943.

532

Hubert Meredith, Attorney General, Jesse K. Lewis, Assistant Attorney General, and Beckham A. Robertson, Commonwealth's Attorney, for appellant.

Cary, Miller & Kirk for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is an appeal by the Commonwealth of Kentucky from a judgment of the Daviess circuit court sustaining a demurrer to and dismissing an indictment against Malco-Memphis Theatres, Inc., a corporation engaged in the business of managing and operating motion picture theatres in the city of Owensboro. The indictment charged appellee with "unlawfully, wickedly, and feloniously setting up, carrying on, conducting, managing, operat-

ing, drawing and otherwise promoting a lottery and gift enterprise, wherein and whereby a 1941 Ford Sedan Automobile or other thing of value was or was pretended to be disposed of.'' The demurrer to the indictment was sustained on the theory that the amendment to section 2573, Carroll's Kentucky Statutes, enacted at the First Extraordinary Session of the General Assembly in 1938 is valid. Acts 1938, page 1076. Section 2573 of Carroll's Kentucky Statutes, now KRS 436.360, which provided a severe penalty for operating a lottery, was enacted in 1892 in pursuance of section 226 of the Constitution which reads:

"Lotteries and gift enterprises are forbidden, and no privileges shall be granted for such purposes, and none shall be exercised, and no schemes for similar purposes shall be allowed. The General Assembly shall enforce this section by proper penalties. All lottery privileges or charters heretofore granted are revoked.''

The 1938 amendment added the following to the statute enacted in 1892:

" 'Provided, however, that the words "lottery or gift enterprise," as used in this section, shall not apply to any gift of money, property or other thing of value which is awarded by lot or drawing by mercantile establishments, theatres or newspapers who make such awards to their customers and patrons, and who charge no price and collect no fee for the privilege of participating in such lot or drawing other than the regular prices of merchandise sold, or admission tickets, or subscription price to all customers and patrons whether they participate or do not participate in such awarding'.''

The indictment in the present case is a copy, except names and dates, of the first count in the indictment approved by this court in Commonwealth v. Rose, 107 Ky. 567, 54 S. W. 862, 863. In the course of that opinion it was said:

"The statute under which appellee was indicted provided that all the offenses or different modes of committing the one offense might be charged in one count of an indictment. This statute was evidently enacted in view of the opinion in the Miller case [Miller v. Com., 13 Bush 731]. We are of the opin-

ion that the first count of the indictment charged every offense or mode of committing the offense denounced by section 2573, Ky. Stats. Under the first count, proof of aiding, assisting, or abetting in setting up a lottery would be admissible, as it would show that the accused promoted a lottery. So, also, proof of selling tickets would be proper under the first count, as that is promoting."

It is the Commonwealth's contention that the 1938 amendment is violative of section 226 of the Constitution and that the indictment which follows the language of the original antilottery act is good, while the appellee contends that a system or plan of distribution of money or property by lot whereby no price or fee is charged or paid for the chance to participate either in the actual price of admission or otherwise is legal, and that the 1938 amendment should be construed as dealing with such legal plans or systems. It is argued that when so construed the amendment does not offend against section 226 of the Constitution, and, consequently, the indictment is fatally defective, because it fails to negative the exception in the amendatory act. The difficulty with appellee's contention is that the amendment expressly attempts to exempt theatres from the penalties imposed by the antilottery statute where any property or other thing of value is awarded by lot or drawing and no fee is collected for the privilege of participating in such lot or drawing other than the regular price of admission tickets. There can be neither legal nor moral objections to the gratuitous distribution of money or other property whether by direct gift or by selecting the donees by lot or chance. Such a plan or system involves no element of gambling and is not a lottery or gift enterprise within the meaning of section 226 of our Constitution. To constitute a lottery there must be a payment of a valuable consideration for the chance to receive the prize. It is only when people are induced to give up consideration in the hope of obtaining greater returns that the law becomes concerned. A lottery is "a species of gaming which may be defined as a scheme for the distribution of prizes or things of value by lot or chance among persons who have paid or agreed to pay a valuable consideration for the chance to obtain a prize." 38 C. J., page 286.

The rule is that where the participants in a drawing by lot for a prize have paid admission fees the transac-

tion is a lottery though the same admission fee is charged as on occasions when no drawing is held. The fact that there can be no loss to the participants does not prevent the scheme from being a lottery when there may be contingent gains. So long as prizes are distributed by chance among people who have paid consideration to enter the contest, it is of no importance that its conduct by the owner of a legitimate business is a means of stimulating sales. If the chance of winning a prize is part of the inducement to purchase goods or tickets of admission, the scheme is a lottery. Worden v. City of Louisville, 279 Ky. 712, 131 S. W. (2d) 923; Commonwealth v. McLaughlin, 307 Mass. 230, 29 N. E. (2d) 821; Commonwealth v. Lund, 142 Pa. Super. 208, 15 A. (2d) 839; State v. Jones, 44 N. M. 623, 107 P. (2d) 324; State v. Fox Kansas Theatre Company, 144 Kan. 687, 62 P. (2d) 929, 109 A. L. R. 698; State v. LaCrosse Theaters Company, 232 Wis. 153, 286 N. W. 707; State v. Danz, 140 Wash. 546, 250 P. 37, 48 A. L. R. 1109; Annotations in 109 A. L. R. 709 and 113 A. L. R. 1121; 34 Am. Jur., Lotteries, Section 3, et seq.

The clearly expressed purpose of the 1938 amendment to section 2573 of Carroll's Kentucky Statutes was to exempt theatres from the prohibition of conducting lotteries. The amendment is in direct contravention of the mandatory language of section 226 of the Constitution, and, consequently, is void. If the Legislature intended to permit only such plan or system as would not require the payment of any price or fee for the chance, the amendment was wholly unnecessary. The amendment being unconstitutional and void, it was "as inoperative as though it had never been passed," and it was unnecessary to negative it in the indictment. Norton v. Shelby County, 118 U. S. 425, 426, 6 S. Ct. 1121, 1125, 30 L. Ed. 178; Cohen v. City of Henderson, 182 Ky. 658, 207 S. W. 4. The enactment of the void amendment did not affect the original act which remained operative. Strand Amusement Company v. Commonwealth, 241 Ky. 48, 43 S. W. (2d) 321; Burnam v. Commonwealth, 228 Ky. 410, 15 S. W. (2d) 256; Nuetzel v. State Tax Commission, 205 Ky. 124, 265 S. W. 606; Lanford v. Commonwealth, 209 Ky. 693, 273 S. W. 492.

Appellee advances the novel argument that the Commonwealth is estopped to prosecute it by reason of the passage of the 1938 amendment to section 2573

of the Kentucky Statutes and the later passage of an act imposing an excise tax on "bank night awards." Chapter 176, Acts 1940. To carry the argument to its logical conclusion, the General Assembly has the power to nullify a mandatory provision of the Constitution. It is sufficient to say that the doctrine of equitable estoppel does not apply in criminal cases under such a state of facts. Sigmon v. Commonwealth, 207 Ky. 786, 270 S. W. 40.

The judgment is reversed, with directions to overrule the demurrer to the indictment.

Whole Court sitting.