William E. **MOSELEY** and **Harold's**
**Auto Parts, Inc.,** Appellants,

v.

**COMMONWEALTH of Kentucky, DEPART-**
**MENT OF HIGHWAYS,** Appellee.

Court of Appeals of Kentucky.

Sept. 22, 1972.

Rehearing Denied Feb. 16, 1973.

Robert E. Hogan, Louisville, for appellants.

Don Duff, Carl T. Miller, Jr., Dept. of Highways, Frankfort, for appellees.

CULLEN, Commissioner.

William E. Moseley and Harold's Auto Parts, Inc., have appealed from a judgment enjoining them from operating an automobile junkyard in violation of KRS 177.905 to 177.950, which statutes are a compilation of Chapter 249 of the Acts of 1962 as amended by Chapter 162 of the Acts of 1966.

The appellants maintain that KRS 177.-912 (Section 7 of the 1966 Act), which exempts certain junkyards located in industrially developed areas within the corporate limits of any city as those limits existed on March 1, 1966, is unconstitutional, and that this renders the entire 1966 Act unconstitutional.

■ We find it unnecessary to pass on the constitutionality of KRS 177.912 because if it were unconstitutional and if the entire 1966 Act were therefore unconstitutional, the original 1962 Act then would remain in full force and effect. Commonwealth v. Malco-Memphis Theatres, 293 Ky. 531, 169 S.W.2d 596; Ward v. Commonwealth, 228 Ky. 468, 15 S.W.2d 276; Strand Amusement Co. v. Commonwealth, 241 Ky. 48, 43 S.W.2d 321; Burnam v. Commonwealth, 228 Ky. 410, 15 S.W.2d 256; Lanford v. Commonwealth, 209 Ky. 693, 273 S.W. 492; Neutzel v. State Tax Commission, 205 Ky. 124, 265 S.W. 606; Gay v. Brent, 166 Ky. 833, 179 S.W. 1051. The main feature of the amending Act of 1966 was to extend the 1962 Act to cover "material" junkyards as well as automobile junkyards. The basic regulatory provisions were not changed. The appellants operate an automobile junkyard and their operations violate the 1962 Act, so the injunction in this case would be fully authorized by the 1962 Act.

The appellants suggest that the provision of KRS 177.915, as amended, requiring screening to be in use within six months of June 14, 1962, also is unconstitutional as being currently incapable of being complied with. That provision was a "grace period" provision of the 1962 Act. It could be complied with when the 1962 Act was passed and was a perfectly valid provision of that Act. As hereinbefore noted, to hold the 1966 Act unconstitutional because it repeated that provision would avail nothing to the appellants.

The judgment is affirmed.

All concur.