CHIEF JUSTICE PRYOR
delivered the opinion op the court.
In an action against the state by John B. Stevens and others, authorized to be prosecuted by an act of the legislature, approved in March, 1876, it is provided that “It shall be the duty of the attorney for the commonwealth in said district to 'represent the state in the action in the Ohio Circuit *285 Court, and he shall be allowed a reasonable fee for his services, for which the auditor of public accounts shall draw his warrant on the treasurer, when the same shall be certified to him by order of the Ohio Circuit Court.” Section 7 of the act authorized a change of venue to an adjoining county at the instance of the attorney for the commonwealth, and on his motion the venue was changed to the Daviess circuit, where the case was tried, and a judgment rendered against the state for $3,200.
After the termination of the action the Daviess Circuit Court made an order, allowing the attorney for the commonwealth $4,000 for his services, and the claim was certified to the auditor as directed by the act, and upon the refusal of the auditor to draw his warrant for the amount, this proceeding, asking a mandamus, was instituted to compel a compliance with the law. The auditor filed an answer in which he denies the right of the Daviess Circuit Court to make the allowance, and also insists that the allowance is exorbitant for the services rendered.
A demurrer was sustained to this answer and an amendment filed, in which it is alleged that at a succeeding term of the court a motion was filed by the state to set aside the order making the allowance, and that this was the first term occurring after the state officials or the commonwealth had ixotice of the allowance made. A demurrer was sustained to the answer as amended, and a judgment rendered awarding a mandamus compelling the auditor to draw his warrant on the treasurer for the amount of the allowance, and from that judgment the auditor appeals to this court.
It is assigned for error that the court below erred in sustaining the demurrer to the answer, and if not, the demurrex’, going back to the petition, should have been sustained to that pleading.
The demurrer to the answer was properly sustained, as it is manifest the circuit judge alone, trying the case, had power to *286 make the allowance and to determine from the facts before him the value of the services rendered; and the only supervising power over the allowance is in this court, on an appeal taken and prosecuted in the manner provided by law.
The fact that the allowance was required to be made by the judge of the Ohio Circuit Court, and that it was made by the judge of the Daviess circuit, presents no defense to the recovery. The same judge held both courts, and the change of venue being made as provided by the act, the rights of all the parties connected with the litigation followed the case, and the judge in the county of Daviess had the same power over the case that he would have had if tried in the county of Ohio.
It is argued by counsel for the state that it devolved on the appellee to show his right to demand this warrant from the auditor, and in applying for the mandamus every fact should have been alleged in the petition manifesting this right, and in the absence of such facts the mandamus should be denied. This general proposition made by counsel will not be controverted; but the trouble arises in determining what facts should be alleged to constitute this right on the part of the appellee, and to make it the duty of the auditor to provide the means of payment.
It is maintained the petition is defective because it does not appear affirmatively that an appropriation had been made by law for the payment of this identical sum of money on account of the services rendered or to be rendered.
Section 5, article 8 of the constitution provides as follows: “No money shall be drawn from the treasury but in pursuance of appropriations made by law,” etc.
Section 40, article 2 of the constitution provides: “The General Assembly shall have .no power to pass any act or resolution for the appropriation of any money, . . . exceeding one hundred dollars at any one time, unless the same, *287 on its final passage, shall be voted for by a majority of all the members then elected to each branch of the General Assembly; and the yeas and nays thereon entered on the journal.”
Section 6, article 1, chapter 6, General Statutes provides: “A warrant of the auditor upon the treasury shall state upon its face the date, amount, and name of the person to whom payable, and on what account, and out of what fund to be paid; and shall not be issued unless the money to pay the same has been appropriated by law.”
The auditor is prohibited by the sections of the constitu- . tion referred to and that in the General Statutes from drawing his warrant on the treasury, unless the money to pay the same has been appropriated by law, and so far as appears from the record before us we can not presume, if this is to be regarded as an appropriation of money within the meaning of the constitution, that the act in question was passed in accordance with' the provisions of that instrument. It was not necessary for the appellee to allege or prove that on its final passage the act was voted for by a majority of all the members elected to each branch of the General Assembly, and that vote entered on the journal. The law under which this allowance is made is found on the statute - book, has been signed by the executive, and duly certified by the secretary of state, and this court must assume that it- was enacted by the requisite constitutional vote.
No inquiry will or can be instituted as the case is presented for the purpose of ascertaining the manner in which the enactment was passed. There has been no pleading filed by the state or the auditor presenting any such issue, and we must therefore adjudge that it was constitutionally enacted, and can not take judicial notice at the mere suggestion of counsel as to the votes cast for or against the measure on its final passage. “ The several courts of the commonwealth are *288 required to take judicial notice of all acts and resolutions of the General Assembly, and copies of the journal of either house of the General Assembly, printed by the public printer, shall be received as evidence for any purpose for which the original journal could be received.” (Chap. 37, Gen. Stat., secs. 1, 2, 3.) If a bill of this character did not receive the vote of a majority of all the members, or was not passed in the manner required by the constitution, the only mode of reaching the question is by an allegation of that fact in an appropriate pleading, and copies of the journals of the General Assembly, printed by the public printer, offered as evidence to sustain the defense.
Such seems to have been contemplated by the sections of the General Statutes referred to, and a proper construction of those sections would repel the idea that the courts of the state can take judicial notice of what appears on the legislative journals.
The character of the litigation in the Daviess circuit or the facts upon which the allowance was made are matters foreign to this record, and if the system of legislation by which the representatives of the people submit such questions to the courts of the country instead of making the amount to be appropriated the direct subject of legislation, is regarded as in violation of the constitution, and the journals of the General Assembly are relied op to sustain this view of the question, the facts must be pleaded.
Judgment affirmed. (4 Selden, 324; 22 Wendell, 9; 25 Wendell, 608.)