CASE 63—PROCEEDINGS BY JACOB GAST AGAINST S. W. HAGER, AUDITOR, FOR A MANDAMUS TO COMPEL HIM TO PAY A STREET ASSESSMENT AGAINST THE PROPERTY OF THE STATE ON WHICH IS SITUATED THE BLIND ASYLUM.

# Hager, Auditor, v. Gast.

APPEAL FROM FRANKLIN CIRCUIT COURT—JOHN D. CARROLL, SPECIAL JUDGE.

JUDGMENT AWARDING THE WRIT, AND THE DEFENDANT APPEALS. AFFIRMED.

STATUTES—SPECIAL LEGISLATION—CLASSIFICATION OF CITIES—PUBLIC IMPROVEMENTS—TAXATION—EXEMPTIONS—PROPERTY OF STATE—CONSTITUTIONAL LAW—LEGISLATIVE POWERS.

1. Under Constitution, section 156, providing that the cities and towns of the Commonwealth shall be divided into six classes, and that the organization and powers of each class shall be defined and provided for by general laws, Kentucky Statutes 1903, section 2833a, providing that, when any public improvement·

ordered to be constructed in a city of the first class is such that it may be lawfully constructed at the cost of owners of adjacent land, the cost thereof shall be apportioned against real estate owned by the State in like manner as against any other land, is not repugnant to Constitution, sections 59, 60, prohibiting local or special legislation, although the act only applies to cities of the first class, and there is only one city of that class within the Commonwealth.

2. Kentucky Statutes 1903, section 2833a, providing that, when any public improvement ordered to be constructed in a city of the first class is such that it may be lawfully constructed at the cost of owners of adjacent land, the cost thereof shall be apportioned against real estate owned by the State in like manner as against any other land, is not repugnant to Constitution, section 170, providing that public property used for public purposes shall be exempt from taxation.

3. Kentucky Statutes 1903, section 2833a, providing that, when any public improvement ordered to be constructed in a city of the first class is such that it may be lawfully constructed at the cost of owners of adjacent land, the cost thereof shall be apportioned against real estate owned by the State in like manner as against any other land, is not repugnant to Constitution, sections 49, 50, forbidding the General Assembly to authorize any debt to be contracted on behalf of the Commonwealth except for specified purposes.

N. B. HAYS, ATTORNEY GENERAL, AND LORAINE MIX, ATTORNEYS FOR APPELLANT.

It is the contention of the State that the act in controversy, section 2833a, Kentucky Statutes, is unconstitutional, because it is in conflict with section 59, subsection 29, and section 60.

1. Because it specially provides that the taxpayers of the State pay for the construction and improvement of the streets in the city of Louisville adjacent to the property of the State, while they are not required to do so for the improvement of like property situated in cities of the second, third and fourth classes; and it seems to us this is prohibited by section 59, subsection 29, of the Constitution of Kentucky.

2. Because it is in conflict with section 60, which provides that the General Assembly shall not indirectly enact any special act exempting from the operation of a general act any city. By section 4026 public property used for public purposes is exempt from taxation of any kind, including apportionment warrants; and this act, in so far as it attempts to tax said property, is void.

Hager, Auditor, v. Gast.

3. The act is in conflict with sections 49 and 50 of the Constitution.

4. It is our contention that said property is not and can not be made liable for said debt under section 170 of the present Constitution, and said act being in conflict with said section, is void. There is a difference between the exemption from taxation of public property used for public (governmental) purpose, and property used for religious worship or institutions of purely public charity, etc.

5. We further contend that said section 2833a, in so far as it attempts to impose a lien on the State's property and to impose a tax on it by assessment warrants, is in conflict with subsection 22, of section b9, and section 170 of the Constitution.

WM. FURLONG AND H. L. STONE, ATTORNEYS FOR APPELLEES.

POINTS AND AUTHORITIES.

1. The act of February 28, 1902, being section 2833a of the Kentucky Statutes, which provides that when a street is constructed in a city of the first class, and any real estate within the taxable limits is owned or held in trust by the State of Kentucky, that the pro rata part of the cost of making the street shall be ascertained and apportioned against such real estate, in like manner as against the other lots of ground within the taxable limits, and the amount being certified to the auditor of public accounts, he shall draw his warrant on the State Treasurer for the amount thereof, and said treasurer shall pay said warrant out of any money in the treasury not otherwise appropriated, does not violate sections 49 and 50 of the present Constitution. Lindsay v. Auditor, 3 Bush, 231; Auditor v. Haycraft, 14 Bush, 284; Com. v. Collins, 12 Bush, 386.

2. The act of February 28, 1902, does not create a debt against the Commonwealth of Kentucky, within the meaning of sections 49 and 50 of the Constitution. It provides only for the payment of claims against the Commonwealth, arising in the manner specified in the act, and which must be paid out of any money in the treasury not otherwise appropriated. Building streets and roads leading to public buildings and institutions is one of the ordinary expenses of the Government and is included in the annual levy of State taxes of fifteen cents on each one hundred dollars of value of all property assessed for taxation, which is levied and collected for the ordinary expenses of the Government. Section 4019, Ky. Stat.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—AFFIRMING.

The State of Kentucky owns a lot of land in Louisville on which is situated the Kentucky Institute for the Blind. The institute was originally located outside of the city boundary, but as the city has grown its limits have been extended until the city takes in the property, and streets have been opened adjoining it. The city council ordained that these streets should be improved at the cost of the adjoining owners. Appellee, Gosnell, was the contractor who did the work under the ordinance of the city and the contract made with him by it. Section 2833a, Kentucky Statutes, 1903, is as follows: "That when any public way, or other public improvement of any city of the first class in this Commonwealth, is ordered or directed, by ordinance of the general council of said city to be constructed, which, according to the provisions of the act for the government of that class of cities, may be lawfully constructed at the cost of the owners of the lots of ground adjacent to such improvement, or within the taxable limits therefor, defined as provided in such act, and any such real estate within such taxable limits is owned by the State of Kentucky, or is held in trust for the public use of the State, the proportionate part of the cost of making such public way or other public improvement shall be apportioned against the real estate of the State in like manner as against other lots of ground within such taxable limits, and apportionment warrant or statement thereof shall be certified by the board of public works of such city to the Auditor of Public Accounts, who shall thereupon draw on the State treasurer for the amount of such apportionment warrant or certified statement in favor of the person named therein as entitled to the amount thereof, and the State treasurer

shall pay said warrant drawn by the auditor out of any money in the treasury not otherwise appropriated." The auditor having refused to draw his warrant on the treasurer for the amount of the apportionment warrant issued by the city for Gosnell, as provided by the statute, this suit was instituted for a mandamus compelling him to draw his warrant on the State treasurer therefor. The auditor filed an answer, to which the court sustained a demurrer, and, he failing to plead further, awarded the mandamus as prayed. The only questions raised by the answer are matters of law.

It is insisted that the statute is unconstitutional, because it is local or special legislation, as it applies only to the city of Louisville, and is in conflict with sections 59 and 60 of the Constitution. The act is a part of the law governing cities of the first class. It is true, Louisville is the only city of the first class in the Commonwealth; but this is immaterial. Section 156 of the Constitution provides that the cities and towns of the Commonwealth shall be divided into six classes, and that the organization and powers of each class shall be defined and provided for by general laws. The power of the Legislature to provide for the government of cities of the first class are the same as they would be if there were a hundred cities of the first class instead of one; for, if any other city, by an increase of its population, comes to be placed in the first class, it will be governed by the act; otherwise the Legislature would be powerless to carry out section 156 of the Constitution. Richardson v. Mehler, 63 S. W., 957, 23 Ky. Law Rep., 917.

It is also insisted that the act is in conflict with section 170 of the Constitution, by which it is provided that public property used for public purposes shall be exempt from taxation. But it is well settled that the sections of the

Constitution relating to taxation do not include or apply to assessments made on adjoining property to pay for the improvement of highways. Zabel v. Orphans' Home, 92 Ky., 89, 13 R., 385, 17 S. W., 212, 13 L. R. A., 668; Holzhauer v. Newport, 94 Ky., 407, 15 R., 188, 22 S. W., 752; Levi v. Louisville, 97 Ky., 407, 16 R., 872, 30 S. W., 973, 28 L. R. A., 480; Gosnell v. Louisville, 104 Ky., 201, 20 R., 519, 46 S. W., 722.

Lastly, it is urged that the act is in conflict with sections 49, 50 of the Constitution which forbid the General Assembly authorizing any debt to be contracted on behalf of the Commonwealth except for certain specified purposes. But these sections of the Constitution have been the organic law of the State since 1851 (see sections 35, 36, art. 2, of former Constitution), and under it this court sustained such legislation. Lindsey v. Auditor, 3 Bush, 231; Commonwealth v. Collins, 12 Bush, 386; Auditor v. Haycraft, 14 Bush, 284. These provisions of the Constitution do not embrace the ordinary expenses of the government. The State may repair its Blind Institute, or build a road to it to make it more accessible, or conduct its ordinary affairs without making a special levy for this purpose. The State gets the benefit of the improved highway, and, instead of building it itself, has authorized the city to have it built, agreeing to pay its pro rata part of the expense like other property owners abutting on it. The State could have authorized this portion of the highway to be built, and paid for it out of the general fund. The fact that the city was authorized to have it built does not change the legal aspect of the transaction.

Judgment affirmed.