## Logan, Auditor, v. City of Louisville et al.

June 21, 1940.

W. B. Ardery, Judge.

Hubert Meredith, Attorney General, and A. E. Funk, Assistant Attorney General, for appellant.

Wm. F. Clarke, Jr., for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The sole question involved in this litigation is the validity of Section 2833a of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. The section was originally enacted in 1902 and is chapter 7, page 23, of the Session Act of that year—being an amendment to the then existing charter of cities of the first class in this Commonwealth. The purpose of the attacked statute is to give legislative consent that in cities of the first class any public real estate owned by the Commonwealth within the corporate limits of the city shall defray its proportionate part of the cost of local improvements which the city is authorized to make, but withholding the granting of a lien in favor of the city against such property. In lieu of giving a lien—which is done with reference to privately owned property for its proportion of

the cost of such improvements—provision is made in the statute for the collection of the state's part of the cost of improvement as therein directed. A similar provision was made by the same session of the Legislature amending charters of cities of the third class by chapter 121, page 271, of the Session Acts of that year, and which latter statute is now Section 3449a-1 of Baldwin's Revision of our Statutes, supra. There is no such specific provision in any of the charters for second, fourth, fifth and sixth class cities, for which reason it is contended by appellants and defendants below that the statute supra (Section 2833a) is local and special legislation which is forbidden by Sections 59 and 60 of our Constitution. The city of Louisville ordered—in pursuing its authority under its charter—the improvement of Fordson Way, abutting upon which, or within the permissible zone within which improvement cost may be collected, is the state's property known as the State Fair Grounds. Its portion of the assessment—if it may be assessed at all under the statute supra—was and is $1,243.65 which was due to the plaintiff and appellant Henry Bickel Company, the successful contractor for the improvement. The Commonwealth declined to pay and this declaratory judgment action was filed in the Franklin Circuit Court against the proper state officers to compel payment in accordance with the attacked statute. The learned trial judge upheld its validity and directed defendants to make payment in accordance with its provisions, from which they prosecute this appeal, thereby presenting to this court for determination the sole question supra.

There was presented to this court in the case of Hager, Auditor v. Gast, 119 Ky. 502, 84 S. W. 556, the identical question involved in this case, i. e., the validity of Section 2833a, supra, of our statute, and we sustained it, and which it is conceded is decisive of this case, provided the opinion in the Hager case is adhered to. It is, however, vigorously argued by learned counsel for appellants that the opinion in that case is unsound and should be overruled, notwithstanding it established in a sense a rule of property which has been followed since its rendition in 1905, a period of thirty-five years. The attack here and now made on that opinion is founded upon the fact that the writer of it disposed of the question in a more or less cryptic way without delving into the soundness of the conclusion reached and contented

himself with sustaining the law solely upon the proposition that Section 156 of our Constitution authorizes the classification of cities and that when a law is passed based upon such classification its validity is at once sealed, regardless of the nature of the act, and notwithstanding it may be made applicable to no municipal governmental purpose or power of the particular classified city.

In the prior case of Richardson v. Mehler, 111 Ky. 408, 63 S. W. 957, there was presented to this court the constitutionality of Section 2838 of our same Statutes, prescribing a rule of evidence whereby the presence of certain facts with reference to municipal improvements should constitute prima facie evidence of full compliance with the law relating to the making of them. The rule of evidence was upheld although as enacted it applied only to improvements made by cities of that class. In the opinion Judge Du Relle writing for the court referred to the prior case of City of Louisville v. Kuntz, 104 Ky. 584, 47 S. W. 592, 20 Ky. Law Rep. 805, in which this court disapproved of a law shortening the general statute of limitations applicable to actions against first class cities for negligence, but Judge Du Relle said that such a statute, as applicable to the specific causes of action against the city, had no relationship whatever to local municipal government and expressed the opinion that if such a statute had been made applicable to the enforcement of collections to defray the expense of making internal improvements, in discharging governmental functions of the city to which such an act was made exclusively applicable, it would be valid and would be upheld on the ground that a statute made applicable to a specified class or classes of cities when its purpose concerns only the internal government of such cities, is not a local or special act when made applicable to all cities of the same class, but on the contrary is a general law and not inhibited by either Section 59 or Section 60 of our Constitution. In arriving at that conclusion he said in his opinion [111 Ky. 408, 63 S. W. 962]: "In considering the question presented, all those parts of the constitution which relate to this matter [special and local legislation] must be considered together, and it must be borne in mind that Section 156, with regard to municipalities, is an exception to Section 59."

All text writers as well as courts—and which is not disputed by anyone in this case—agree that special as-

sessments for improvements of the nature here involved are not taxes within the sense of constitutional or statutory provisions (Section 170 of our Constitution) creating exemption from taxation of public property, and which principle was announced and approved by this court in the case of City of Mt. Sterling v. Montgomery County, 152 Ky. 637, 153 S. W. 952, 44 L. R. A., N. S., 57. In that case the question as to the right of the city of Mt. Sterling to collect from Montgomery County a charge made against the courthouse public property located in that city for street improvements against which the property abutted, was presented. It was found and stated in the opinion that the property was not exempt under the provisions of Section 170 of our Constitution, since it was not the character of tax to which the exemptions contained in that section applied; but that the fund sought to be collected consisted of a special tax for street improvements. Nevertheless, we said that even such assessments could not be enforced without legislative sanction and that there was nothing in our Constitution to prohibit the Legislature from giving its sanction though it had not done so in that case. Therefore, we denied the right of the city to collect the amount there involved from Montgomery County. In this case, however, we do have legislative sanction for the liability sought to be imposed upon the Commonwealth as owner of the State Fair Grounds in the city of Louisville, but against which the remedial and attacked statute gave no lien. The objection to the claim sought to be collected in the Montgomery County case therefore is removed in this one and which leaves, we repeat, the sole question as to the constitutionality of Section 2833a supra of our Statutes.

In the case of Droege, Circuit Clerk, v. McInerney, Sheriff, 120 Ky. 796, 87 S. W. 1085, 1086, 27 Ky. Law Rep. 1137, we had before us the question as to the constitutionality of an amendment to our state election laws. Prior to the enactment of the amendment there involved the sheriff of each county of the Commonwealth was by virtue of his office the umpire and member of the county election commission board, but the amendment involved therein sought to make an exception from that general and universal law—applicable throughout the state—whereby the circuit court clerk of counties containing cities of the second class should by virtue of his office be a member and umpire of the county election

board in such counties. We promptly held that such an act—although made applicable to all counties containing cities of the second class—was forbidden by Sections 59 and 60 of our Constitution, since its subject matter did not appertain in the least to the local government of the classes of cities whereby the circuit court clerk was substituted as such third member of the county election board, whilst in all other counties of the state the sheriff occupied that position. In the course of that opinion it was said: "In Walston v. Louisville, 66 S. W. 385 [23 Ky. Law Rep. 1852], Section 2998, Kentucky Statutes, 1899, which provides that, in cities of the first class, interest shall run at a certain rate on unpaid tax bills, was held constitutional. But this section is part of the act for the government of cities of the first class, and the Legislature is given by the Constitution power to regulate the government of each class of cities. It has, therefore, power to provide such regulations to secure the prompt payment of taxes as may be necessary, and regulations that may be necessary in one class of cities may not be necessary in another class. In other words, as to the classification here, learned counsel has referred us to a number of decisions in other states, but they seem only to be in line with those referred to."

By an examination of the cases cited under Sections 59 and 60 of our Constitution by the compilers of our statute many cases will be found upholding provisions in charters of different class cities which are sometimes directly antagonistic to provisions relating to the same subject in other charters. Also it will be found that authority for the conduct of the local government is given to one class of cities and entirely withheld as to another class; while in each type of differentiation a general law might have applied. Nevertheless such differentiations were sustained because Section 156 of our Constitution as stated by Judge Du Relle in the Richardson case, supra, created an exception to Section 59 of our Constitution by conferring upon the Legislature the right and the authority to enact different charters for each class of cities and to confer different governmental functions and powers upon each class, as well as the means and methods by which such rights might be exercised.

Under the facts presented we have this case: The city of Louisville is given authority to improve its

streets with the right to collect the cost entailed thereby from abutting property or property within permissible zones. The Commonwealth has said by the act—the validity of which is contested in this case—that the state's property from which such collection might be made if privately owned, should pay its proportion of the improvement cost. Such consent, we conclude, amounts to no more than as affecting the remedy by which the cost of such improvements might be realized, thereby presenting a question solely of local government of the class of city to which the statute is made applicable. We therefore conclude that for the reasons indicated our opinion in the case of Hager, Auditor, v. Gast, supra, was and is sound and should not be disturbed.

If, however, we were differently inclined, we would then be confronted with the situation that according to all of the recognized text writers and opinions of courts, we take judicial notice of the local surroundings and situations of municipalities to which acts of the nature of the one here involved are made applicable for the purpose of determining their constitutionality as invading constitutional provisions against local or special legislation. If we should do that in this case we would find that in the city of Louisville, one of the first class, and in the city of Frankfort, one of the third class, is located practically all of the state's property in the Commonwealth, except the State University in the city of Lexington. All other public property is located in rural territory or outside of municipality limits, and it might be held as correct to say that the Legislature was authorized, because of the fact so ascertained by such judicial knowledge, to permit the two classes of cities referred to to make assessments against state property for internal improvements because of the amount of territory or area of real estate owned by the state within the limits of cities of those respective classes. But whether we would be so authorized or not, we are confident that the reasons advanced supra together with our former opinion in the Hager case are sufficient to authorize a continued adherence to that case, and for which reason the judgment is affirmed.

The whole court sitting except Judge Rees who is absent.