## Mannini v. McFarland et al.

June 25, 1943.

J. W. Harlan and Chenault Huguely for appellant.

H. Hamilton Rice, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

Section 3490-14 of the Kentucky Statutes, a part of the charter of fourth class cities, provided in substance that neither a poolroom nor a bowling alley should be operated in a room where alcoholic liquors were sold by retail. Nevertheless, the State Alcoholic Beverage Control Board in 1942 issued to the appellant a license to sell malt beverages in his poolroom in Danville, a fourth class city, for the fiscal year ending July 1, 1943 because the Franklin Circuit Court in June, 1942 adjudged that section 3490-14 was impliedly repealed by the alcoholic beverage control law enacted in 1938, Acts 1938, c. 2.

However, section 3490-14 was carried into the Kentucky Revised Statutes as a part of section 244.120, which now appears not in the charter of fourth class cities but in the chapter dealing with alcoholic beverages. Thus, this section is now the law unless it is inherently invalid even though the original statute was impliedly repealed. Fidelity & Columbia Trust Co. v. Meek, 294 Ky. 122, 171 S. W. (2d) 41. For this reason the Board declined to renew the appellant's license and he thereupon filed this action against the Board and the Malt Beverage Administrator seeking a declaration of rights and appropriate injunctive relief. The trial court sustained a demurrer to the petition and dismissed it and the correctness of such action is called in question by this appeal.

It is the contention of the appellant that so much of KRS 244.120 as purports to prohibit the sale of alcoholic beverages in a poolroom or bowling alley is void as being special or local legislation in violation of sections 59 and 60 of our Constitution because it is applicable only to cities of the fourth class. We think the position is well taken.

Section 59 of our Constitution forbids the General

Assembly to pass special or local acts concerning twenty-eight specified purposes. The twenty-ninth paragraph thereof provides that "in all other cases where a general law can be made applicable, no special law shall be enacted." Section 60 of our Constitution forbids the General Assembly to enact any special or local act indirectly by exempting from the operation of a general act any city, town, district or county. However, section 156 of our Constitution authorizes the division of cities and towns into six classes for purposes of their organization and government, the class of a city or town being determined by its population, and the General Assembly has classified cities and towns of the state pursuant to this authority. In determining whether the Act in question is special or local legislation we must consider section 156 in connection with sections 59 and 60.

The language of section 156 is so clear and unambiguous in saying that the authorized classification is for the purpose of organization and government that there would be little difficulty in disposing of the question before us if this were a matter of novel impression but some confusion has arisen in the cases in which this question was involved due to the failure of the court in some instances to keep in mind the purpose of the division into classes as manifested by this section.

In construing sections 59 and 60 this court said in Safety Building & Loan Co. v. Ecklar, 106 Ky. 115, 50 S. W. 50, 51:

> "We assert it to be elementary that the true test whether a law is a general one, in the constitutional sense, is not alone that it applies equally to all in a class,—though that is also necessary,—but, in addition, there must be distinctive and natural reasons inducing and supporting the classification. A law does not escape the constitutional inhibition against being a special law merely because it applies to all of a class arbitrarily and unreasonably defined."

The principle thus enunciated shortly following the adoption of the present Constitution has been consistently followed. Thus, a classification according to population and its density, and according to the division of cities into classes, is not a natural and logical classification and cannot be sustained unless the act pertains to the organization or government of cities and towns or is

incident thereto, or unless the classification has a reasonable relation to the purpose of the Act.

In City of Louisville v. Kuntz, 104 Ky. 584, 47 S. W. 592, 593, decided in 1898, the first case in which this question arose after the adoption of the present Constitution, the correct rule was announced. Following decisions of the Pennsylvania Court construing similar constitutional provisions, it was said that in order to lift an act affecting particular classes of cities or towns from the category of local or special laws it is necessary that it ''be applicable to all the members of the class to which it relates, and must be directed to the existence and regulation of municipal powers and to matters of local government.'' Accordingly, it was held that a six months' limitation for actions against a municipality of the first class, contained in its charter, was a violation of section 59 and void as being local and special legislation. That case has been followed in a number of cases and has been cited both with and without approval down to the present time and has never been modified or overruled. Richardson v. Mehler, 111 Ky. 408, 63 S. W. 957; City of Louisville v. Hegan, 49 S. W. 532, 20 Ky. Law Rep. 1532; City of Louisville v. Seibert, 51 S. W. 310, 21 Ky. Law Rep. 328; James v. Barry, 138 Ky. 656, 128 S. W. 1070; Klein et al. v. City of Louisville et al., 224 Ky. 624, 6 S. W. (2d) 1104; Com. v. Kentucky Jockey Club, 238 Ky. 739, 38 S. W. (2d) 987; Logan v. City of Louisville, 283 Ky. 518, 142 S. W. (2d) 161. The true rule that a classification based on the class of cities was sustainable if the act pertained to governmental purposes was kept in mind in the Klein case and particularly in James v. Barry. The latter case appears to be the best considered case dealing with the question before us. In the course of the opinion it was said [138 Ky. 656, 128 S. W. 1072]:

''For certain purposes classification by population and its density are not only natural and logical, but any other basis would be unscientific and unsatisfactory. * * * But it was always pointed out, or plainly to be seen, that the legislation was also of a class which it was legitimate to classify upon the basis of population. On the other hand, instances have occurred where it was attempted to classify subjects by the sizes of cities where the question of the density of population had no ap-

preciable relevancy to the subject. Such, for ex-ample, making a statute of six-month limitations to actions of tort or for salaries against a city of the first class, whereas the general law was one year, or five years. City of Louisville v. Kuntz, 104 Ky. 584, 47 S. W. 592. * * *

"When the subject-matter is purely one of municipal government, it is clearly competent for the Legislature to classify it alone upon number and density of population, as the Constitution implies if it does not expressly allow. When the subject is one that reasonably depends upon or affects the number and density of population as a correlative fact in the scheme of the particular legislation, then such classification is allowable. There are even perhaps other instances justifying such classification. But where the subject is one of general application throughout the state, and has been so treated in a general scheme of legislation, distinctions favorable or unfavorable to particular localities, and rested alone upon numbers and density of population, are invidious, and therefore offensive to the letter and spirit of the Constitution. * * *."

The appellee relies on Logan v. City of Louisville, supra [283 Ky. 518, 142 S. W. (2d) 162], decided in 1940, as announcing the rule "that when a law is passed based upon such classification its validity is at once sealed, regardless of the nature of the act, and notwithstanding it may be made applicable to no municipal governmental purpose or power of the particular classified city." But the quoted language of the opinion relied on by the appellees was not the court's view but was merely a statement of the contention of the appellant advanced as a reason for overruling Hager v. Gast, 119 Ky. 502, 84 S. W. 556, which upheld a classification based on a class of cities where the act dealt with a governmental purpose. The court in the opinion kept in mind the requirement that an act based on a classification merely according to classes of cities must, to be sustainable, deal with governmental functions of the classified cities, or matters incident thereto, unless the classification has a reasonable relation to the purposes of the act. The Kuntz case was cited with approval and on its authority a classification according to the class of cities was upheld because the act under consideration dealt with the subject

matter of local government or purposes incident thereto. Thus we see that as late as 1940 the true rule has at times been re-affirmed and kept in mind by the court.

In some instances, however, the court lost sight of the true rule and apparently upheld classifications based on population and its density, that is, according to the statutory division of cities into classes, even though the acts under consideration did not deal with the governmental functions of the class of cities set up in the acts and although the classification may have had no reasonable relation to the purpose of the act. See Commonwealth v. Ward, 136 Ky. 146, 123 S. W. 673; Jones v. Russell, 224 Ky. 390, 6 S. W. (2d) 460. There are, no doubt, other cases of similar import. The latter case, however, cited as authority a number of cases sustaining this view when, in fact, they do not. In this connection see Commonwealth v. Lipginski, 212 Ky. 366, 279 S. W. 339; Commonwealth v. Jarrett, 213 Ky. 618, 281 S. W. 805; City of Louisville v. Coulter, 177 Ky. 242, 197 S. W. 819, L. R. A. 1918A, 811. In this connection it may be observed that there is a probability that in one or more of the cases departing from the correct rule the act under consideration might have been upheld because the classification of cities and towns bore a reasonable relation to the purposes of the act.

The General Assembly, probably taking the cue from cases thus departing from the correct rule, in many instances went further and attempted classifications based on districts or counties containing cities of a certain class although the size or class of cities in such districts or counties had no reasonable relation to the purposes of the acts. Legislation of this character has been frequently condemned. Droege v. McInerney, 120 Ky. 796, 87 S. W. 1085; Nuetzel v. State Tax Commission, 205 Ky. 124, 265 S. W. 606; Community Hospital v. Barren County Fiscal Court, 244 Ky. 672, 52 S. W. (2d) 896; Chandler v. City of Louisville, 277 Ky. 79, 125 S. W. (2d) 1026.

We again approve and adhere to the correct rule on this question as announced in the Kuntz case and as so clearly elaborated in James v. Barry. Accordingly, the cases mentioned as departing from this rule and others of similar import are overruled in so far as they so depart.

In view of the conclusions enunciated it is apparent that the portion of the statute in question violates both the letter and spirit of sections 59 and 60 of the Constitution. It purports in no wise to be directed to the regulation of municipal powers or matters of local government and the classification of fourth class cities set up in the statute has no reasonable relation to the purpose of the statute. There appears to be no rational basis for assuming that the sale of beer in a poolroom in Danville is fraught with other or different consequences than a similar sale in the nearby fifth class city of Stanford or the somewhat more distant second class city of Lexington. The General Assembly could by a general act legislate on this question or authorize cities thus to legislate but the subject of the Act is one of general application and the classification on which it rests is contrary to the constitutional provisions forbidding local or special legislation.

Since the statute is void, the Board was not justified in refusing license to the appellant on account thereof. The trial court erroneously sustained the demurrer and dismissed the petition.

Reversed, with directions for further proceedings consistent with this opinion. Whole court sitting except Judge Ratliff.