# Thompson et al. v. Shipp et al.

Dec. 12, 1944.

Keenon & Odear for appellants.

S. Jewell Rice, Henry Jackson, and Jay W. Harlan for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing in part, affirming in part.

After their demand that the Fiscal Court institute a similar action had been refused, appellees, citizens and taxpayers of Fayette County, instituted suit against appellant, Thompson, former sheriff of Fayette County, and appellant, Ohio Casualty Insurance Company, the surety on his bond, to recover certain sums of money which were alleged to have been paid to, or retained by Thompson as sheriff, (1) as salary in excess of the constitutional limit; (2) excessive salaries paid to his deputies; (3) unreasonable and excessive allowances for the expenses of his office; (4) other items of expense unlawfully allowed by the Fiscal Court; (5) premiums on his official bond paid by the Fiscal Court; and (6) premiums on the revenue bonds executed by Thompson and paid by the Fiscal Court. The Trial Court permitted recovery against both appellants in the sum of $5,180 under the fifth and sixth items above enumerated; $600 of which represented the premium on the sheriff's official bond, and $4,580 representing the amounts paid by the Fiscal Court as premiums on the revenue bonds executed by the sheriff and signed by his co-appellant as surety. The petition as to the other claims was dismissed. Appellants have appealed from the judgment in respect to the items for which recovery was allowed; and appellees have cross-appealed from the judgment in respect to all items disallowed.

The basis of the action against Thompson is wrongful and illegal collections and expenditures of public funds while sheriff of the County. Liability of the Ohio Casualty Insurance Company is predicated upon its re-

lationship to the transactions as surety on the official and revenue bonds of the sheriff. No recovery was sought in this action from either of the parties by reason of having received, as private citizens, the benefit of an illegal expenditure made by the fiscal Court.

At the outset, it is conceded by both appellants that the Fiscal Court was without authority to pay the premiums on the official bond of the sheriff required by KRS 70.020. But it is insisted that the Court erred in permitting recovery in this action for the $600 so paid, because the liability of Thompson for this amount was not incurred by him in his official capacity. This contention calls for the application of the rule that the courts will look to the substance, and not the form, in determining the rights of litigants. The difficulty confronting us is in determining where substance ends and form begins. There is no question but that both appellants, under the facts presented by this record and by admission in their brief, are indebted to the Fiscal Court of Fayette County for the amount paid by the Fiscal Court for premiums on Thompson's official bond. But the suit did not seek recovery of any sums illegally received by the Insurance Company, or paid for Thompson's benefit, in any transaction in which he was not acting in his official position. The giving of the official bond was not an expense incurred by Thompson as sheriff, but was one necessary for him to incur as an individual, to become eligible to take office. Therefore, the payment of the premium on the bond by the Fiscal Court was not an expenditure for which the Fiscal Court was authorized, by law, to appropriate money; consequently, appellees are entitled to recover the money so paid upon the institution of a proper suit for such recovery. The petition alleges that Thompson, as sheriff, received the benefit of the unauthorized payment. The evidence shows that he did so in his individual capacity. Three members of the Court are of the opinion that the variance in the pleading and proof, in respect to Thompson's liability in this action, is one in form only, because the cause of action against him, whether as an individual or as sheriff, arises out of an implied contract. The remaining three members of the Court who sat in consideration of the case are of the opinion that the variance is one of substance. Consequently, because the Court is divided, the decision of the Chancellor, in respect to

Thompson's liability for this item, must be upheld. The situation in respect to the Insurance Company is not the same. The cause of action alleged against the Insurance Company arises out of a specific written contract of suretyship; whilst the evidence established liability under an implied contract to pay back money unlawfully received. A majority of the Court is of the opinion that this variance is one of substance, and is fatal to appellees' right to recover of the Insurance Company in respect to this item, despite the fact that the Insurance Company admits it would be liable in a suit upon an implied contract. Judge Latimer is of the opinion that, while there was a variance between the pleadings and the evidence, such was one of form and not of substance; and the judgment against the Insurance Company, in respect to the $600 received by it as premiums on Thompson's official bond, should be upheld, because ultimate liability therefor was admitted by the Insurance Company in its brief.

The right to recover for the premiums paid by the Fiscal Court for appellant Thompson's revenue bonds presents a different question. KRS 64.120 provides:

"(1) The sheriff of each county having an assessed value of more than $100,000,000, containing a population of less than 75,000, comprising a separate judicial district, and containing a second-class city, shall be paid a salary of $5,000 per annum. The fiscal court may pay all the necessary expenses incident to the proper performance of the duties of the office of the sheriff, (including the premium on his revenue bond), but the expenses shall not in any year exceed $5,000.

"(2) The sheriff shall, at the end of each month, furnish the fiscal court a sworn statement of all receipts and disbursements and a sworn statement of the necessary expenses of the office during the preceding month, and shall pay to the county treasurer the total amount collected by him. The fiscal court shall pay the sheriff his annual salary in monthly installments out of the county treasury, and if approved shall pay the expenses incurred by him during the preceding month."

That part of the section which is not enclosed in parentheses was an act of the General Assembly of 1926; the words enclosed in parentheses were added by amendment to the act by the General Assembly of 1938.

Under the act, as amended, the Fiscal Court has the authority to pay the premiums on the revenue bond of the sheriff of Fayette County; unless, as is contended by appellees, (1) the act is unconstitutional; or (2) since the amendment did not become effective until after the commencement of Thompson's term of office, the amendment had the effect of raising his salary during the term for which he was elected. It is contended that the act is unconstitutional because it is violative of Sections 59 and 60 of the Constitution, forbidding the Legislature to enact any local or special law in respect to certain enumerated subjects. In this connection, it is argued that, since the act can apply only to Fayette County, it is arbitrary class legislation. In support of this contention, it is argued that the classification made is unnatural, illogical, and has no reasonable relation to the purpose of the act. Appellees rely on Mannini v. McFarland et al., 294 Ky. 837, 172 S. W. 2d 631, 632, wherein it is said: "* * * a classification according to population and its density, and according to the division of cities into classes, is not a natural and logical classification and cannot be sustained *unless the act pertains to the organization or government of cities and towns or is incident thereto,* or unless the classification has a reasonable relation to the purpose of the act." (Emphasis ours)

The writer of the opinion did not use the words "cities and towns" in their narrow sense, but was referring to the organization and government of municipalities and local governments in general. Assuming, without deciding, that the subject of the act is one covered by Sections 59 and 60 of the Constitution, the act pertains to local county government, and therefore is not subject to the criticism that the population, its density, the wealth of the community, and size of the towns in the county are not proper and logical elements upon which to base a classification, or that the classification does not have a reasonable relation to the purpose of the act. It is obvious that the sheriff's duties in a thickly populated community may differ from those in a sparsely populated district; that, since he is charged with the collection of taxes, his duties and responsibilities are increased in proportion to the assessed value of the property taxed; that, since it is his duty to wait upon the circuit court, a court of continuous session requires more time and attention than one which convenes

periodically in terms; and, since crime is more abundant in thickly populated, than it is in sparsely populated, communities, his responsibility in respect to the suppression of crime is proportionately increased; we are of the opinion that every element upon which the classification in this instance depends is logical and reasonable, therefore does not contravene Section 59 or 60 of the Constitution.

Nor do we believe the Court correctly allowed recovery upon the theory that the payment of the premium on the bond by the Fiscal Court was, in effect, increasing the salary of the sheriff. No provision of the Statutes requires a corporate surety on the bond. It is shown by the record that Mr. Thompson had arranged with three responsible citizens of Fayette County to become personal sureties on his revenue bond; but that members of the Fiscal Court requested him to furnish corporate surety, and he agreed to do so upon their representation to him that they would pay the premium required by the corporation which signed the bond. This record discloses that Mr. Thompson would not have been required to pay a premium on the bond he was in position to offer to the County. That being true, the payment of the premium on the bond the Fiscal Court requested him to give did not affect his salary one way or the other. We might have a different question if the statute, prior to the amendment, had required a corporate revenue bond to be executed by the sheriff at his own expense. It is obvious the Court erred in adjudging appellees to be entitled to recover on this item.

The statute permits the Fiscal Court to pay the expenses of the sheriff's office up to $5,000 a year; but it is claimed that the cost of operating and maintaining a sheriff's automobile is not an expense within the contemplation of the act. We do not agree with this contention. It reasonably is necessary for the sheriff to use an automobile in performing the duties of his office; and the use of such means of transportation permits the work of the office to be done by fewer deputies than if automobiles were not used. The Court did not err in dismissing the petition in respect to this item. For the same reason, he did not err in dismissing the petition in respect to the claim of $500 paid by the Fiscal Court for extra clerical work in emergencies. There is

no allegation or proof that the services were not rendered, or that they were unnecessary or not worth the amount paid therefor.

Nor do we think the Court erred in dismissing the petition in respect to recovery for monies paid on claims allowed by the Fiscal Court because the orders allowing the claims were not in proper form. The argument is that the orders were vague, and do not disclose for what purpose the allowances were made. In Flowers v. Logan County, 148 Ky. 822, 147 S. W. 918, 919, the Court said: "In a county the governing authority is the fiscal court, and it can only speak through its records made at a regular or called session at which at least a majority of the members composing the court must be present and participate. Where money is appropriated, the order making the appropriation must specify not only the amount thereof but the purpose for which it is to be used."

The order objected to by appellees does not specifically state the purpose for which the money appropriated was to be used, but refers to and makes a part of the order "the claim of Ernest Thompson for $——— as recommended by the Institutions Committee." It is not contended that the claims referred to and made part of the order do not state the purposes for which the appropriation was made. The order shows that the claim was investigated by a committee appointed for the purpose; that a claim presumably specifying each item for which the money was appropriated was filed with the Fiscal Court. That being true, the order, by incorporating the claim as a part thereof, was sufficiently specific to validate the appropriation. The purpose of the rule requiring the order to specifically state the purpose for which the appropriation is to be used is to permit the public, by examination of the record, to determine whether the Fiscal Court appropriated the

money for a lawful purpose. Members of the public are referred to the claim, which may be inspected at any time as expeditiously as if the order itself recited the individual items. The Trial Court, in citing Southern Operating Co. v. City of Chattanooga et al., 128 Tenn. 196, 159 S. W. 1091, 1093, Ann. Cas. 1914D, 720, said: "That such reference is proper under the maxim, 'Id certum est quod certum reddi potest,' is perfectly

clear. It constantly occurs in statutes and in deeds, and we can see no exception to it when applied to municipal ordinances.'' The rule quoted was properly applied.

The evidence shows conclusively that Mr. Thompson did not receive more than $5,000 per annum as compensation at any time during his term, and conclusively shows that his deputies were not paid any amount in excess of $20,000 per annum for any year during his term of office. The allegation that an unreasonable and unnecessary number of deputies was employed by the Fiscal Court, at the request of the sheriff, is not sustained by the evidence. It was shown, by stipulation, that the County maintained a constabulary composed of ten patrolmen in the year 1938; nine patrolmen in the year 1939; eleven patrolmen in the year 1940; and ten patrolmen in the year 1941. That the City of Lexington maintained a police and detective force for law enforcement in the City of Lexington, composed of seventy patrolmen and officers. That four constables and four deputy constables performed police duties within the County for the four year period; and that the Kentucky State Highway Patrol operated in the County for that period of time. It is upon this showing that we are asked to determine that the sheriff did not need nine deputies. We fail to see how we can be expected to assume that the work of the sheriff's office does not require the force employed by Mr. Thompson, when there is no showing whatever of the quantity of work the office is required to perform. The Trial Court properly dismissed the petition in respect to these items.

The judgment on the original appeal is reversed, with directions that it be set aside and another entered in conformity with this opinion. The judgment on the cross-appeal is affirmed.

Whole Court sitting except Judge Rees.