## Barry et al. v. Giles et al.

May 15, 1945.

Robert J. Watson for appellants.

Martin R. Wilson and Hubert White for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD —
Affirming.

The appellants are citizens and taxpayers of Middlesboro, Bell County, Kentucky, suing for themselves and on behalf of all other citizens and taxpayers similarly situated; the appellees are the mayor, board of commissioners, police judge, the prosecuting attorney of the City, and the members of the Fiscal Court of Bell County; and the object of the action was to determine the validity of an act of the 1944 session of the General Assembly (Chapter 40) compiled in the Kentucky Revised Statutes as Sections 199.031 to 199.034, inclusive. The Chancellor sustained a general demurrer to the petition and dismissed it, thus, in effect holding the act unconstitutional; and this appeal is from that judgment.

Briefly stated, the effect of the Act is to establish juvenile courts in third class cities located wholly or in part in counties not having circuit courts of continuous session, provided such cities are not county seats and are located more than ten miles from the county seat, and to permit, but not require "the governing authority of such third class city" to construct and maintain a detention home therein and to levy annually a sufficient tax for that purpose. The judge of the police court of such city is directed to act as judge of such juvenile court; the prosecuting attorney is to be the clerk; "and such court shall have exclusive jurisdiction within the limits of the city of all dependent, neglected and delinquent children as defined in KRS 199.010." The power is conferred upon the police judge to appoint a probation officer, and "The provisions of Chapter 199 of the Kentucky Revised Statutes dealing with dependent, neglected and delinquent children and juvenile criminals, shall apply in full force to all proceedings had in the juvenile courts established under KRS 199.031, except as inconsistent with the provisions of KRS 199.031 and 199.032, and they are adopted as part of KRS 199.031 to 199.034, and if in the enforcement of this law the juvenile judge should commit some delinquent child to the Reform School the expense of maintaining the child shall be paid by the county in the manner now provided by law under KRS 198.080 and 198.090."

It would seem clear that the Act is special legislation of the character prohibited by Sections 59 and 60 of the

Kentucky Constitution, since there is no discernible reason for classifying as a separate group, in which additional and differently constituted juvenile courts are required, those counties which contain third class cities or portions of third class cities located as specified in the Act. See Community Hospital v. Barren County Fiscal Court, et al., 244 Ky. 672, 52 S. W. 2d 896. In any event it is entirely clear that the Act violates Section 141 of the Kentucky Constitution which reads:

"The jurisdiction of the County Court shall be uniform throughout the State, and shall be regulated by general law, and, until changed, shall be the same as now vested in the County Courts of this State by law."

In the case of Beauchamp, County Judge, et al. v. Silk, 275 Ky. 91, 120 S. W. 2d 765, 768, in which we held unconstitutional an Act requiring the County Judge or County Court in counties containing a city of the first class to select probation officers from a list certified by a "Merit Board" created by the Act, we said:

"We unhesitatingly conclude (that the Act) withholds from such county courts the full and complete jurisdiction necessary and requisite to make it uniform with like jurisdiction of appointment possessed by all of the other 119 county courts of the commonwealth."

See also Neutzel, Clerk etc., v. Williams, 191 Ky. 351, 230 S. W. 942.

Judgment affirmed.