The judgment of the Jefferson Circuit Court is affirmed.

All concur.

### JEFFERSON COUNTY POLICE MERIT BOARD, et al, Appellants,

v.

### Wilbur O. BILYEU Jr., et al, Appellees.

and

### Wilbur O. BILYEU Jr., et al, Cross-Appellants,

v.

### JEFFERSON COUNTY POLICE MERIT BOARD, et al, Cross-Appellees.

Supreme Court of Kentucky.

June 15, 1982.

Frank Burke, Jr., Louisville, for appellants/cross-appellees, Jefferson County Police Merit Bd. and Fiscal Court of Jefferson Co.

William T. Warner, Louisville, for appellant/cross-appellee, A. Mitchell McConell, County Judge/Executive.

Richard J. Frockt, Darryl W. Durham, Barnett & Alagia, Louisville, for appellees/cross-appellants, Wilbur O. Bilyeu, Jr. and Charles Samuel Tucker.

STEPHENS, Justice.

The issue we decide on this appeal is whether that part of KRS 78.428 which provides that in counties containing a population of 600,000 or more, all officers of the

county police force above the rank of captain are excluded from the county police merit system, is unconstitutional as being special or local legislation in violation of Sections 59 and 60 of the Kentucky Constitution.

A complaint seeking a declaration of rights was filed by Wilbur O. Bilyeu and Charles S. Tucker, a major and captain, respectively, of the Jefferson County Police Department, against the Jefferson County Police Merit Board, Jefferson County Judge/Executive A. Mitchell McConnell Jr., and the members of the Jefferson County Fiscal Court.[1] Basically, the complaint sought to declare KRS 78.428 unconstitutional. Bilyeu and Tucker were appointed to their present rank in accordance with the practices and procedures of the Jefferson County Merit System and its operative agency, the Jefferson County Police Merit Board. All other officers of the Jefferson County Police Department above the rank of captain were appointed to their positions by Judge McConnell under KRS 78.428 which excludes such appointments from the merit system.

The trial court declared the statute unconstitutional as local or special legislation. Following this judgment, Bilyeu and Tucker moved the court for a permanent injunction preventing the officers appointed by McConnell from occupying their positions. That motion was denied.

The Jefferson County Merit Board and the other governmental parties appealed the ruling that the statute was unconstitutional and Bilyeu and Tucker cross-appealed, challenging the refusal of the trial court to grant injunctive relief. We granted a motion to transfer the cases, CR 76.18, and they have been consolidated.

KRS 78.400 through 78.480 authorize any county which has a county police force to create a merit system which must be operated by and through a county police merit board. The statutes describe the appointment to, and make-up of, such merit board. They provide that "... *all police officers of whatever rank and title and all employees ....*" shall be covered by the merit system. (Emphasis added). KRS 78.425. The statute in question excludes from the protection of the merit system, chiefs, assistant chiefs, and any officers above the rank of captain, but only in counties having a population of more than 600,000.[2] The balance of the statutes implement the merit system by eliminating political activity on the part of included officers; mandating standards of qualifications, promotion, etc.; setting up procedures for discipline, and permitting collective bargaining for county police.[3]

It can be seen that the statutory scheme established in its initial enactment a uniform, standard merit system which applied to all counties having a county police forces. In 1972, for reasons known only to the General Assembly, and solely on the basis of the numerical size of the county certain officers were mandatorily eliminated from the merit system. It is to the validity of this exercise of legislative fiat that we address ourselves.

The Kentucky Constitution prohibits the enactment of special or local legislation by the General Assembly in a situation where a general law can be made applicable. Section 59 of our Constitution is as follows:

"The General Assembly shall not pass local or special acts covering any of the following subjects or for any of the following purposes, namely:

\* \* \* \* \* \*

counties having a population of 600,000 or more. Said officers shall be appointed by the county judge/executive and shall not be considered covered officers, except as provided in subsection (2) of this section.

**1.** The Attorney General of the Commonwealth, Hon. Steven L. Beshear, was initially joined as a defendant but was dismissed.

**2.** The relevant part of KRS 78.428 is as follows: Police officers excluded from classified service.—(1) The provisions of KRS 78.400, 78.-405, and 78.425 shall not apply to the chief of police, assistant chiefs, and any officers above the rank of captain of county police forces in

**3.** Interestingly, collective bargaining is restricted to those police forces where the county has a population of 300,000 or more. KRS 78.470.

Twenty-ninth: In all other cases when a general law could be made applicable, no special law shall be enacted."

Section 60 provides:

"The General Assembly shall not indirectly enact any special or local acts by the repeal in part of a general act, or by exempting from a general act any city, town, district, or county; . . . ."

The purpose of the constitutional inhibition in these two sections is to require that all laws upon a subject shall operate alike upon all individuals and corporations. *City of Louisville v. Kuntz*, 104 Ky. 584, 47 S.W. 592 (1898). The bedrock case determining special or local legislation is *Mannini v. McFarland*, 294 Ky. 837, 172 S.W.2d 631 (1943). In that case the court formulated a two-prong test to determine the constitutionality of legislation dealing with the classification of cities solely by population:

"Thus, a classification according to population and its density, and according to the division of cities into classes, is not a natural and logical classification and cannot be sustained unless *the act pertains to the organization or government of cities and towns or is incident thereto, or unless the classification has a reasonable relation to the purpose of the Act.*" (emphasis added) *Id.*, 172 S.W.2d at 632.

Although *Mannini* specifically dealt with a city, we have extended it to include all local governmental entities. In *Thompson v. Shipp*, 298 Ky. 805, 184 S.W.2d 245 (1944), referring to *Mannini*, we said:

"The writer of the opinion did not use the words 'cities and towns' in their narrow sense, but was referring to the organization and government of municipalities and local governments in general." *Id.*, 184 S.W.2d at p. 248.

See also, *Pinchback v. Stephens*, Ky., 484 S.W.2d 327 (1972).

■ If a questioned statute deals with a particular classification of a governmental entity based on population alone, it is constitutional under Sections 59 and 60 if (1) it deals with the organization or incidents of government, or (2) it bears a reasonable relation to the purpose of the act. *Mannini,*

*supra; United Dry Forces v. Lewis*, Ky., 619 S.W.2d 489 (1981). If the statute complies with *either* requirement, it is constitutional.

■ This court has considered the validity of a plethora of statutes under Sections 59 and 60, recognizing the strong presumption of constitutionality afforded to an enactment of the General Assembly. *United Dry Forces v. Lewis, supra.* Because of our reluctance to encroach upon the powers of the legislature, one of the three partners in Kentucky state government, we have become "greatly liberalized" in upholding the right of the legislature to classify local government entities. *Board of Education of Woodford County v. Board of Education of Midway Independent Graded Common School District*, 264 Ky. 245, 94 S.W.2d 687 (1936).

■ Being thus directed, and having analyzed the statute, we have no difficulty in declaring that the subject matter of KRS 78.428 is governmental in nature and is constitutional under the first *Mannini* test. In so ruling, we do not decide the wisdom of the action of the General Assembly in removing certain officers from the protection of a merit system in only one county. The arguments propounded which condemn the legislature's action as "political" are not relevant to our decision.

The establishment and maintenance of a county police force and the subsequent creation of a merit system are clearly governmental activities. The police force is part and parcel of the county government which created it, sustains it, and controls and nurtures it.

Since the statute deals with an incident of government, it complies with the constitutional requirements set forth in the first prong of the *Mannini* test. We do not need to consider the second prong of the test.

As stated, the officers' cross-appeal challenged the failure of the trial court to enter a permanent injunction requiring the Merit Board to discharge all officers above the rank of captain who had been hired since

the effective date of the statute. In view of our decision declaring the statute to be constitutional, the issue raised on the cross-appeal is moot.

The judgment of the trial court on the appeal of the appellant Jefferson County Police Merit Board, et al., is reversed, and that concerning the cross-appeal of the appellees, Bilyeu and Tucker, is affirmed. The case is remanded to the circuit court with instructions to enter a judgment in conformity with this opinion.

All concur.